UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR., )<br>of Boca Raton, Florida, )<br> )<br>     Plaintiff )<br> )<br>v. )<br> )<br>JOHN HALLÉ and )<br>SHARON HALLÉ, )<br>of Scarborough, Maine )<br> )<br>     Defendants ) | 13-CV-_____ |

# COMPLAINT

Plaintiff Richard Davimos, Jr., through undersigned counsel, complains against Defendants John Hallé and Sharon Hallé as follows:

## PARTIES

1. Plaintiff Richard Davimos, Jr. is an individual residing in the City of Boca Raton, in the State of Florida.

2. Defendants John Hallé and Sharon Hallé are individuals residing in the Town of Scarborough, in the State of Maine.

## JURISDICTION

3. The Court has jurisdiction of this matter pursuant to Title 28 § 1332, as the matter in controversy exceeds the sum or value of $75,000 and the controversy is between citizens of different states.

## FACTUAL BACKGROUND

### The Davimos-Hallé Litigation

4. In January 2002, Plaintiff Richard Davimos filed a lawsuit in the Supreme Court of the State of New York, Index No. 111013-02 against Defendant John Hallé (hereinafter the "Davimos-Hallé Litigation.")

5. The Davimos- Hallé Litigation generally concerned a claim by Plaintiff Richard Davimos against Defendant John Hallé for payment of $1,000,000 pursuant to a guaranty given by Defendant John Hallé to Plaintiff Richard Davimos.

6. On July 19, 2005, the New York Supreme Court granted partial summary judgment in favor of Plaintiff Richard Davimos and against Defendant John Hallé in the Davimos-Hallé Litigation with respect to Plaintiff Richard Davimos' claim for breach of contract.

7. On December 19, 2006, the Appellate Division of the Supreme Court of New York reversed the Supreme Court's Order granting summary judgment in the Davimos-Hallé Litigation and remanded the case to the New York Supreme Court.

8. On November 26, 2007, a bench trial was held in the New York Supreme Court in the Davimos-Hallé Litigation. The Court awarded Plaintiff Davimos damages of $1,000,000 plus interest.

9. On September 18, 2008, Judgment was entered in the Davimos-Hallé Litigation in the New York Supreme Court in the principal amount of $1,000,000, plus interest from January 7, 2002 until the date of the Judgment in the amount of $582,657.33.

10. In March 2009, the Supreme Court of the State of New York Appellate Division affirmed the lower court's entry of judgment.

### JH North Hampton, LLC

11. In February 2007, JH North Hampton Group, LLC, a Delaware limited liability company was formed. One of its members, and/or its sole member, was Defendant John Hallé. Its stated purpose was to hold and own an aircraft, which it did through a membership interest in a limited liability company called N7OKC, LLC.

### Jenis Holding Company, LLC

12. On December 13, 2006, Jenis Holding Company, LLC was formed as a Florida limited liability company.

13. On November 2, 2007, Jenis Holding Company, LLC filed an application for registration as a foreign limited liability company in the State of New Hampshire. Defendant John Hallé signed the application for registration as a "member" of Jenis Holding Company, LLC.

14. In June 2011, Sharon Hallé signed an affidavit on behalf of Jenis Holding Company, LLC stating, "John Hallé has no membership interest in the LLC in his name, a trade name, corporate name or in association with others."

15. In March 2012, Jenis Holding Company, LLC filed Articles of Dissolution in the State of Florida with "consent" of its "member" Sharon Hallé.

### Hallé Personal Real Estate

16. On May 17, 2005, Defendants John Hallé and Sharon Hallé purchased real estate located at 106 Woodlands Drive, Falmouth, Maine.

17. On September 15, 2005, Defendants John Hallé and Sharon Hallé transferred the real estate located at 106 Woodlands Drive, Falmouth, Maine to Sharon Hallé for "no consideration," as evidenced on the Maine Revenue Services Real Estate Transfer Tax Declaration pertaining to the transaction.

18. On July 14, 2006, Defendant Sharon Hallé sold the 106 Woodlands Drive, Falmouth, Maine real estate to the Mary Jacobsen Trust for $715,000.

19. On July 17, 2006, Sharon Hallé purchased real estate located at 16 Hunter Point Drive in Scarborough, Maine, in whole or in part with proceeds from the sale of the 106 Woodlands Drive, Falmouth, Maine real estate.

### Jenis Investment Company, LLC

20. In April 2005, SuiteLink Acceptance Company, LLC, a Maine limited liability company was formed. Its stated purpose was "real estate management." Its registered agent was Christopher B. Branson.

21. In March 2006, SuiteLink Acceptance Company, LLC changed its name to Plymouth Wharf Holdings, LLC.

22. In March 2008, Jenis Holding Company, LLC filed its 2008 Annual Report with the New Hampshire Department of State. Sharon Hallé was listed as "manager."

23. In August 2008, Plymouth Wharf Holdings, LLC changed its name to Jenis Investment Company, LLC.

24. In June 2009, Jenis Investment Company, LLC filed its Annual Report designating John Hallé as its "manager." He remained manager until July 2012, when Sharon Hallé was designated manager.

25. In June 2011, Sharon Hallé signed an affidavit on behalf of Jenis Investment Company, LLC stating, "John Hallé has no membership interest in the LLC in his name, a trade name, or corporate name or in association with others."

## COUNT I
## Fraudulent Transfer
## 14 M.R.S.A. §3575

26. Plaintiff repeats and reasserts each and every allegation of paragraphs 1 through 25 as if fully set forth herein.

27. At some point between December 31, 2009 and December 31, 2010, Defendant John Hallé transferred his membership interest in JH North Hampton Group, LLC to Defendant Sharon Hallé.

28. At the time of the transfer of the membership interest in JH North Hampton Group, LLC, Defendant John Hallé was a debtor of Plaintiff Richard Davimos as defined by the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571, et seq.

29. The Defendant John Hallé transferred his membership interest in JH North Hampton Group, LLC with actual intent to hinder, delay and/or defraud Plaintiff Richard Davimos.

30. At the time of the transfer of Defendant John Hallé's membership interest in JH North Hampton Group, LLC to Defendant Sharon Hallé:

    (a) Sharon Hallé was an insider as defined by the Uniform Fraudulent Transfer Act;

    (b) Defendant John Hallé retained possession or control of the membership interest after the transfer; and

(c) Prior to the transfer being made, Defendant John Hallé had been sued by Plaintiff Richard Davimos in the Davimos-Hallé Litigation and judgment entered against him.

31. The transfer by Defendant John Hallé of his membership interest to Defendant Sharon Hallé was a fraudulent transfer pursuant to the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571, et seq., which has proximately caused damage to Plaintiff Richard Davimos, Jr.

WHEREFORE, Plaintiff Richard Davimos prays for judgment against Defendants John Hallé and Sharon Hallé and for the following relief pursuant to Title 14 M.R.S.A. § 3578:

(a)     appointment of a receiver to take charge of the membership assets;

(b)     damages in an amount double the value of the property transferred;

(c)     Plaintiff's reasonable attorneys' fees incurred in pursuing this action; and

(d)     Such other and further relief as the Court may deem appropriate in the circumstances.

## COUNT II
## Fraudulent Transfer
## 14 M.R.S.A. § 3575

32. Plaintiff repeats and reasserts each and every allegation of paragraphs 1 through 25 as if fully set forth herein.

33. In November 2007, Defendant John Hallé was a member of Jenis Holding Company, LLC.

34. At some point subsequent to November 2007, Defendant John Hallé transferred his membership interest in Jenis Holding Company, LLC to Defendant Sharon Hallé.

35. At the time of the transfer of John Hallé's membership interest in Jenis Holding Company, LLC to Defendant Sharon Hallé, Defendant John Hallé was a debtor of Plaintiff Richard Davimos as defined by the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571 et seq.

36. The Defendant John Hallé transferred his membership interest in Jenis Holding Company, LLC with actual intent to hinder, delay and/or defraud Plaintiff Richard Davimos.

37. At the time of the transfer of Defendant John Hallé's membership interest in Jenis Holding Company, LLC to Defendant Sharon Hallé:

> (a) Sharon Hallé was an insider as defined by the Uniform Fraudulent Transfer Act;
>
> (b) Defendant John Hallé retained possession or control of the membership interest after the transfer; and
>
> (c) Prior to the transfer being made, Defendant John Hallé had been sued by Plaintiff Richard Davimos in the Davimos-Hallé Litigation.

38. The transfer by Defendant John Hallé of his membership interest in Jenis Holding Company, LLC to Defendant Sharon Hallé was a fraudulent transfer pursuant to the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571, et seq., which has proximately caused damage to Plaintiff Richard Davimos, Jr.

WHEREFORE, Plaintiff Richard Davimos prays for judgment against Defendants John Hallé and Sharon Hallé and for the following relief pursuant to Title 14 M.R.S.A. § 3578:

(a) appointment of a receiver to take charge of the membership assets;

(b) damages in an amount double the value of the property transferred;

(c) Plaintiff's reasonable attorneys' fees incurred in pursuing this action; and

(d) Such other and further relief as the Court may deem appropriate in the circumstances.

## COUNT III
### Fraudulent Transfer
### 14 M.R.S.A. § 3575

39. Plaintiff repeats and reasserts each and every allegation of paragraphs 1 through 25 as if fully set forth herein.

40. At the time of the transfer of John Hallé's interest in the 106 Woodlands Drive, Falmouth, Maine real estate to Defendant Sharon Hallé in September 2005, Defendant John Hallé was a debtor of Plaintiff Richard Davimos as defined by the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571 et seq.

41. Defendant John Hallé transferred his interest in the 106 Woodlands Drive, Falmouth, Maine real estate with actual intent to hinder, delay and/or defraud Plaintiff Richard Davimos.

42. At the time of the transfer of Defendant John Hallé's interest in the 106 Woodlands Drive, Falmouth, Maine to Defendant Sharon Hallé:

(a) Sharon Hallé was an insider as defined by the Uniform Fraudulent Transfer Act;

(b) Defendant John Hallé retained possession or control of his interest in the real estate after the transfer; and

(c) Prior to the transfer being made, Defendant John Hallé had been sued by Plaintiff Richard Davimos in the Davimos-Hallé Litigation.

43. The transfer by Defendant John Hallé of his interest in the 106 Woodlands Drive, Falmouth, Maine real estate to Defendant Sharon Hallé was a fraudulent transfer pursuant to the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571, et seq., which has proximately caused damage to Plaintiff Richard Davimos, Jr.

44. The real estate located at 16 Hunter Point Road, Scarborough, Maine should in equity be made subject to a constructive trust because it was purchased by Sharon Hallé with proceeds of a fraudulent transfer.

WHEREFORE, Plaintiff Richard Davimos prays for judgment against Defendants John Hallé and Sharon Hallé and for the following relief pursuant to Title 14 M.R.S.A. § 3578:

(a) appointment of a receiver to take charge of the real estate;

(b) damages in an amount double the value of the property transferred;

(c) Plaintiff's reasonable attorneys' fees incurred in pursuing this action; and

(d) imposition of a constructive trust over the 16 Hunter Point Drive, Scarborough, Maine real estate and further relief as the Court may deem appropriate in the circumstances.

Dated at Portland, Maine this 14th day of June, 2013.

/s/ Lee H. Bals
Lee H. Bals, Bar No. 3412

Attorney for Plaintiff Richard Davimos, Jr.

MARCUS, CLEGG & MISTRETTA, P.A.
One Canal Plaza, Suite 600
Portland, ME  04101
(207) 828-8000