UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RICHARD DAVIMOS, JR., | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | Civil Action No. 13-CV-225 (GZS) |
| v. | ) | |
| | ) | |
| JOHN HALLÉ, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MOTION TO DISMISS COMPLAINT

John Hallé ("Mr. Hallé") and Sharon Hallé (Mrs. Hallé), by their undersigned counsel, Pierce Atwood LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the Complaint of Richard Davimos, Jr. ("Davimos") for the reasons set forth below.

## PROCEDURAL BACKGROUND

In 2002, Davimos initiated an action against Mr. Hallé in New York, which gave rise to the claimed judgment at issue in this action ("New York Judgment"). Compl. ¶¶ 4, 9. Initially, partial summary judgment was granted in Davimos's favor. *Id.* at ¶ 6. That decision was then reversed on appeal and the case remanded for trial. *Id.* at ¶ 7. The New York Judgment was entered on September 18, 2008. *Id.* at ¶ 9. Davimos subsequently sought discovery in New York from Mr. Hallé, Mrs. Hallé, Jenis Holding Company, LLC, Jenis Investment Company, LLC, and numerous other entities and individuals.[1] It was in response to these requests that Mrs. Hallé submitted the affidavit referenced in Paragraphs 14 and 25 of the Complaint.

---

[1] Attached at Exhibit A to the Declaration of Margaret Minister O'Keefe is a letter from Damian J. Pietanza, counsel for Davimos, giving notice of certain discovery against Mrs. Hallé and others – and to which Mrs. Hallé provided the affidavit referred to in the Complaint. When "a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule

In March 2013, Davimos filed an action here in Maine in the Cumberland County Superior Court to domesticate the New York judgment. Justice Wheeler has granted a stay of that proceeding pending the outcome of an anticipated appeal of Mr. Hallé's motion for relief from the New York Judgment on the grounds of newly-discovered evidence that Davimos perjured himself in the underlying trial in order to obtain the judgment at issue.[2] Because of the stay, the Superior Court has not issued a Writ of Execution and, accordingly, a disclosure proceeding initiated by Davimos, and by which he has attempted to obtain documents and testimony from Mr. and Mrs. Hallé, has also been discontinued.

This procedural history is important in two respects: first, it demonstrates that Davimos has had ample opportunity to obtain the information necessary to provide *factual* allegations to support his legal allegations of fraudulent transfers; second, it lays bare the purpose of this proceeding, which appears largely to be to obtained through the U.S. District Court the discovery that it is not currently available through the State of Maine courts.

## ARGUMENT

### I. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). Although Federal Rule 8 does not require "detailed factual allegations," it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers

---

12(b)(6)." *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). Indeed, on a motion to dismiss, the court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint." *Clorox Co. v. Proctor & Gamble Commer. Co.*, 228 F.3d 24, 32 (1st Cir. 2000).

[2] Attached at Exhibit B to the Declaration of Margaret Minister O'Keefe is the Order issued by Justice Wheeler.

nothing more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it consists merely of "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Therefore, to survive a motion to dismiss under Federal Rule 12(b)(6), a complaint must contain *sufficient* factual matter to "state a claim for relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (emphasis added); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (concluding that the complaint "must state a plausible, not a merely conceivable, case for relief"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Likewise, "allegations that merely parrot the elements of the cause of action" are not sufficient to avoid dismissal. *Ocasio-Hernandez*, 640 F.3d at 12 (internal quotations omitted). Instead, the elements of a claim must be supported by *specific* facts alleged. *Iqbal*, 556 S.Ct. at 1949-50.

## II. COUNT III IS TIME-BARRED UNDER 14 M.R.S.A. § 3580.

Count III is predicated on an allegedly fraudulent transfer by Mr. Hallé of his interest in a piece of real estate, 106 Woodlands Drive, Falmouth, Maine ("Falmouth Property"), to Mrs. Hallé in September 2005. The allegations in the Complaint are as follows:

On May 17, 2005, Mr. and Mrs. Hallé purchased the Falmouth Property. Compl. ¶ 16. Four months later, Mr. and Mrs. Hallé transferred the Falmouth Property to Mrs. Hallé for "no consideration," *id.* at ¶ 17, and then sold it on July 14, 2006 to the Mary Jacobsen Trust for $715,000, *id.* at ¶ 18. Mrs. Hallé thereafter purchased another property, 16 Hunter Point Drive in Scarborough, with proceeds from the sale of the Falmouth Property. *Id.* at ¶ 19.

Under 14 M.R.S.A. § 3580, Davimos had six years from the date of transfer or, if later, one year after he could reasonably have discovered the transfer, to bring this action. *See* 14 M.R.S.A. § 3580. The language of the statute reads:

> A cause of action with respect to a fraudulent transfer or obligation under this Act is extinguished unless action is brought:
>
> > 1. Intent to defraud. Under section 3575, subsection 1, paragraph A, within 6 years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant; or
> >
> > 2. Failure to receive reasonably equivalent value; transfer to insider. Under section 3575, subsection 1, paragraph B, or section 3576, subsection 1 or 2, within 6 years after the transfer was made or the obligation was incurred.

14 M.R.S.A. § 3580. Since Davimos does not allege failure to receive a reasonably equivalent value under Section 3576, the statute of limitations provision in subsection 1 applies. The six-year statute of limitations runs not from the date of judgment giving rise to the debt, but the date of transfer. *See Id.* at § 3580(1). Here, the date of transfer was September 15, 2005. Compl. ¶ 17. Because the transfer occurred more than eight years ago, the only way that the claim can fall within the statute of limitations is if this action were filed "within one year after the transfer … was or could reasonably have been discovered by the claimant." 14 M.R.S.A. § 3580(1).

As a preliminary matter, this Court may determine, as a matter of law, when Davimos discovered the transfer or could reasonably have discovered the transfer. *See Gilbert Bros., Inc. v. Gilbert*, 630 N.E.2d 189, 192 (4th Dist. 1994) (upholding trial court's order granting defendant's motion to dismiss plaintiff's UFTA claim as time barred on the grounds that plaintiff could have reasonably discovered the transfer more than one year before it filed suit); *SASCO 1997 NI, LLC v. Zudkewich*, 767 A.2d 469, 476 (N.J. 2001) (upholding trial Court's order granting defendant's motion to dismiss plaintiff's UFTA claim as time barred on the grounds that plaintiff could reasonably have discovered the transfer more than one year before it filed suit).

Here, the Complaint itself makes clear that Davimos could reasonably have discovered the transfer to Mrs. Hallé at or around the time Davimos was seeking discovery from her, i.e. in or about June 2011. "[I]f a plaintiff pleads facts that show its suit [is] barred by a statute of

limitations, it may plead itself out of court under a 12(b)(6) analysis." *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *see also Tregenza v. Great Am Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (if a party pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court). As noted in the Procedural Background, Mrs. Hallé was the subject of discovery requests in or about June 2011 – more than two years before the filing of this Complaint. She was known to Davimos and was clearly a target of Davimos's discovery efforts in New York more than one year prior to the filing of this action.

Other courts have concluded that creditors such as Davimos should be held to the more stringent requirement of performing an asset search at the time of default or payment obligation. In *SASCO 1997NI, LLC v. Zudkewich*, 767 A.2d 469, 476 (N.J. 2001), for example, the Supreme Court of New Jersey ruled that "a reasonable creditor would perform an asset search when the loan goes into default." Similarly, in *The Society of Lloyd's v. Lee*, the United States District Court for the District of Colorado concluded that "a reasonable creditor should be charged with knowledge of a recorded real property transfer when the 'right to payment' arose." *Society of Lloyd's v. Lee,* 2007 WL 2126381, *4 (D. Colo. July 23, 2007). The court explained: "I reject Lloyd's argument that it was reasonable for them to wait six years after Mr. Lee's liability … arose before performing an asset search that would have uncovered the 1991 real property transfers." *Id.*

Although the facts here are not on all fours with the facts in either *SASCO* or *Society of Lloyd's* (because the complained-of transfer took place after the filing of the lawsuit and before the judgment was entered), the principle that the creditor should take early steps to investigate assets is equally applicable here. In this case, Davimos has had nearly *five years* post-judgment to determine what assets might be available to satisfy the New York Judgment. This rationale is also in line with Maine cases involving fraud claims predicated on real estate transfers. Under Maine law, a creditor may be found to be on constructive notice of fraud where there is a recorded

transfer or other encumbrance of property. The Supreme Judicial Court in *Kobritz v. Severance*, 912 A.2d 1237 (Me. 2007) explained:

> While a creditor is not required to periodically search the registry of deeds "if no circumstance has transpired which should put him on inquiry," *Westman [v. Armitage]*, 215 A.2d [919,] 922 [(Me. 1966)], a creditor is required to exercise due diligence. If there are facts that would alert a creditor to inquire about the property, then the creditor must do so, and if a reasonable inquiry would have led to the discovery of the fraud, the creditor is charged with notice of the fraud. We have said that "[o]ne who has knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiries is chargeable with notice of the facts which by ordinary diligence he would have ascertained." *Dumais v. Gagnon*, 433 A.2d 730, 736 (Me. 1981) (quotation marks omitted).

*Id.* at 1241-42.[3] Here, the transfer at issue was recorded in the Cumberland County Register of Deeds on September 23, 2005, Book 23184, Page 159.[4] Davimos surely could have reasonably discovered its existence in the nearly eight years since its recording. This is true even if this Court were to disregard Davimos's discovery efforts since the entry of the New York Judgment in September 2008. Indeed, the nonpayment by Mr. Hallé (due in no small part to concerns about its legitimacy) in the intervening seven years most certainly would have lead a "fair and prudent man, using ordinary caution, to make further inquiries" about property available to satisfy the judgment. *See id.*

### III. PLAINTIFF HAS FAILED TO ALLEGE FACTUAL SUPPORT FOR HIS CLAIMS.

The Complaint does not contain sufficient factual matter on each element to state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1949. Instead, the allegations largely restate 14 M.R.S.A. § 3575, and are not supplemented with additional factual detail. Merely

---

[3] Other jurisdictions have reached different results under the Uniform Fraudulent Transfer Act. Florida caselaw, for example, provides that "the act of recording a deed does not <u>without more</u>, as a matter of law, start the 'savings clause year'" under Florida's equivalent of 14 M.R.S.A. § 3580(1). *See Desak v. Vanlandingham*, 98 So.3d 710, 713 (Fla.App. 1 Dist. 2012) (emphasis added).

[4] A copy of the Warranty Deed effecting the transfer is attached as Exhibit C to the Declaration of Margaret Minister O'Keefe. Again, this Court may consider this recorded deed because it is explicitly referenced in the complaint. *See, supra,* footnote 1 and cases cited therein.

inserting Mr. or Mrs. Hallé's names into the statutory language does not somehow transform the allegations (see Paragraphs 29, 30(b), 36, 37(b), 41, 42(b)) into allegations of fact. *LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, No. 8-234 (GMS), 2009 WL 3738306, at *1 (D.Del. No. 2009) (granting defendant's motion to dismiss where plaintiff merely inserted defendant's name into each of the elements of the causes of action rather than providing factual allegations to support its legal conclusions).

### A. *Count I Lacks Factual Allegations About the Alleged Transfer and Intent.*

In Count I, Davimos alleges that Mr. Hallé fraudulently transferred his membership interest in JH North Hampton Group, LLC to Mrs. Hallé. Paragraph 11 of the Complaint reads:

> In February 2007, JH North Hampton Group, LLC, a Delaware limited liability company was formed. One of its members, and/or its sole members, was Defendant John Hallé. Its stated purpose was to hold and own an aircraft, which it did through a membership interest in a limited liability company called N7OKC, LLC.

Compl. ¶ 11. Davimos additionally alleges at Paragraph 27 that "[a]t some point between December 31, 2009 and December 31, 2010, [Mr.] Hallé transferred his membership interest in JH North Hampton Group, LLC to [Mrs.] Hallé." *Id.* at ¶ 27. This allegation is devoid of sufficient factual detail. "Sufficient detail" includes "name, date, amount, circumstances, and transferee." *Id.* (*citing In re DVI*, No. 08-50248, 2008 WL 4239120, at *8-9 (Sept. 16, 2008).

In addition, although Davimos alleges "actual intent to hinder, delay and/or defraud" Davimos, he offers no *factual* support for the assertion. *See* Compl. ¶ 29. There is not a single allegation that provides support for the claim that Mr. Hallé – <u>two (or three) years after the judgment and seven (or eight) years after Davimos filed suit</u> – made the transfer with the intent to hinder, delay or defraud Davimos, rather than for some other, legitimate purpose. Moreover, other allegations in the Complaint make clear that JH North Hampton Group, LLC was formed soon

after the New York appellate court had *reversed* the trial court's grant of summary judgment for Davimos. *Id.* at ¶ 7.

Davimos instead attempts to rely on three factors under 14 M.R.S.A. § 3575 that may be considered in determining actual intent: (1) that the transfer was to an insider, Mrs. Hallé; (2) that Mr. Hallé retained possession or control of the membership interest after the transfer; and (3) prior to the transfer, Mr. Hallé had been sued by Davimos. *See* Compl. ¶ 30. There is no factual support, however, for the allegation that Mr. Hallé retained possession or control of the membership interest after the transfer. There is no explanation of the interest that was transferred, *i.e.* is it the interest in JH North Hampton Group, LLC or an airplane in which it may have had an indirect interest through an entity called N7OKC, LLC? *See id.* at ¶ 11.

The allegations purporting to support Count I are precisely the type of "threadbare recitals … supported by mere conclusory statements" that are not sufficient to avoid dismissal. *See Iqbal*, 129 S.Ct. at 1949. In summary, because Davimos cannot point to a specific transfer from Mr. Hallé to Mrs. Hallé, nor to facts to show that Mr. Hallé "retained possession or control of the membership interest after the transfer," Count I does not state a claim on which relief may be granted.

      **B.**    *Count II Lacks Factual Allegations About the Alleged Transfer and Intent.*

Count II alleges that Mr. Hallé fraudulently transferred Jenis Holding Company, LLC ("Jenis Holding") to Mrs. Hallé. The Complaint additionally contains numerous allegations pertaining to Jenis Investment Company, LLC, but there are no claims asserted of any fraudulent transfer relating to that entity. *See* Compl. ¶¶ 20-21, 23-25. The allegations pertaining to Jenis Holding are as follows:

Jenis Holding was formed in Florida on December 13, 2006, Compl. ¶ 12, and then registered in New Hampshire on November 2, 2007, Compl. ¶ 13. Mr. Hallé signed the

application for registration in New Hampshire as a "member" of Jenis Holding. Compl. ¶ 13. When Jenis Holding filed its 2008 Annual Report with the New Hampshire Department of State, Mrs. Hallé was listed as "manager." *Id.* at ¶ 22. Nearly four years later, in June 2011, Mrs. Hallé provided an affidavit stating that Mr. Hallé had no membership interest in Jenis Holding. *Id.* at ¶ 14.

According to the allegations in the Complaint, "[a]t some point subsequent to November 2007, [Mr.] Hallé transferred his membership interest in Jenis Holding Company, LLC to [Mrs.] Hallé." Compl. ¶ 34. This allegation is wholly lacking in "sufficient detail", such as the date, amount, and circumstances of the transfer. *See WBE, LLC v. Bear Growth Capital Partners, LP*, 2011 WL 2607090, *4 (Nos. 09-10649 and 11-50598, Bankr. D. Del., June 30, 2011) (*citing In re DVI,* No. 08-50248, 2008 WL 4239120, at *8-9 (Sept. 16, 2008). To permit the Plaintiff to proceed on such a thin allegation at this time would be a waste of judicial resources. If no transfer were made, *i.e.* Davimos is not able to support his allegations of a transfer, Mr. and Mrs. Hallé would be spared the time and expense of discovery and motion practice on this issue. Dismissal is, therefore, appropriate.

Also, there are no *factual* allegations of "actual intent to hinder, delay and/or defraud" Davimos. Rather, Davimos again relies exclusively on the allegations that (a) the transfer was made to Mrs. Hallé, an insider; (b) that Mr. Hallé retained possession or control of the membership interest after the transfer; and (c) prior to the transfer, Mr. Hallé had been sued by Davimos. *See* Compl. ¶ 37. There are no factual allegations to support the claim that "Defendant John Hallé retained possession or control of the membership interest after the transfer." Compl. ¶ 37(b).

## IV. IF THE COURT PERMITS AMENDMENT, BRIEFING ON THE ISSUE OF FUTILITY SHOULD BE PERMITTED.

If, as Mr. and Mrs. Hallé anticipate, Davimos proposes to amend his Complaint, the Hallés request briefing and the opportunity to present evidence to prove the futility of the amendment. Alternatively, the Hallés request early summary judgment briefing in the interests of judicial economy and the avoidance of protracted litigation on claims that they contend are groundless.

## CONCLUSION

For the foregoing reasons, Defendants Mr. and Mrs. Hallé respectfully request that this Court dismiss Davimos's complaint in its entirety, as Count I is time-barred and Counts II and III lack sufficient specificity to state claims.

DATED: July 17, 2013

   /s/ *Margaret Minister O'Keefe*
Margaret Minister O'Keefe
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
(207) 791-1100
(207) 791-1350 (fax)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

DATED: July 17, 2013

   /s/ *Margaret Minister O'Keefe*
Margaret Minister O'Keefe