Exhibit B

STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   DOCKET NO. CV-13-119


RICHARD DAVIMOS, JR.,

       Judgment Creditor

v.                                              ORDER

JOHN HALLE,

       Judgment Debtor



## Introduction

This matter arises out of a New York action in which Richard

Davimos, Jr. ("Davimos") obtained a judgment against John Halle ("Halle")

in *Richard Davimos, Jr. v. John Halle*, Supreme Court of the State of New

York, County of New York, Index No. 111013-02, June 26, 2008 (Bransten,

J.), in the total sum of $1,582,657.53 on breach of contract and fraud

claims.  A certified copy of the New York judgment was filed in the Maine

Superior Court on March 14, 2013, in accordance with the Uniform

Enforcement of Foreign Judgments Act, 14 M.R.S.A. § 8001 et seq.  The

Cumberland County Clerk's Office sent to the parties Notice of Filing of

Foreign Judgment on March 22, 2013.  No opposition was filed in 30 days,

and the foreign judgment was affirmed and became an established legal

judgment in the State of Maine. On or about May 6, 2013, Davimos sought from the Clerk's Office a Writ of Execution.

### Motion to Reopen and Vacate

On April 12, 2013, Halle filed in the Maine Superior Court a Motion to Reopen and Vacate Or, in the Alternative, to Stay Enforcement of Foreign Judgment on the grounds that at trial Davimos engaged in a pattern of false statements and perjury constituting a fraud on the court in the New York action and, on that basis, Halle is seeking to set aside the New York judgment. A foreign judgment, once filed in Maine, is subject to the same proceedings for vacating or staying enforcement as a Maine judgment. 14 M.R.S.A. §8003. M.R. Civ. P. 60(b)(3) permits motions to vacate judgments for fraud whether intrinsic or extrinsic.

Halle alleges that he discovered sometime in 2012 that he had in his possession attorney billing records of Davimos' attorney that were faxed to him in 2000 and that would corroborate his allegations of Davimos' perjury at trial.[1] Maine permits a collateral attack on the basis of fraud where the movant can demonstrate "clear and convincing proof that an advantage has been gained in the obtaining of a judgment by an act of bad faith whereby the court has been made an instrument of injustice." *Estate of Paine*, 609

---

[1] Davimos has filed a motion to strike portions of Halle's affidavit and the billing records on evidentiary grounds.

A.2d 1150, 1153 (Me. 1992); *see also Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 135 (1st Cir. 2005) ("To set aside a verdict for fraud under Rule 60(b)(3), a litigant must . . . prove that any alleged fraud substantially interfered with the litigant's ability fully and fairly to prepare for, and proceed at, trial.") (internal citations omitted). Halle, however, glosses over whether he knew or *should have known* at the time of trial that these records existed and were available to him at the time of the trial. Rule 60(b) relief from judgment requires that any new evidence was not available, nor could it have been discovered by due diligence, at the time of trial. *Wooldridge v. Wooldridge*, 2008 ME 11, ¶ 8, 940 A.2d 1082.

Davimos responds that this court may not, without violating the Full Faith and Credit Clause, U.S. Const. art. IV, § 1, vacate a New York Judgment that the New York Courts have declined to vacate. On May 15, 2013, Judge Eileen Bransten of the New York Supreme Court denied Halle's motion[2] challenging Davimos' New York Judgment. Halle has announced his decision to appeal that denial, but that the appeal period has not yet begun to run.

---

[2] Halle's New York motion was a Motion to Show Cause Why the New York Court's Judgment Entered September 18, 2008, Should Not Be Vacated and a New Trial Granted Based Upon the Plaintiff's Fraud and/or Misrepresentation.

3

The Full Faith and Credit Clause does not require that a foreign judgment be given "a more conclusive or final effect" than it has in the state in which the judgment originated. *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 614 (1947).   The Supreme Court has not issued a definitive statement on whether fraud is a valid ground for not giving full faith and credit to a foreign judgment. *See Milwaukee County v. M.E. White Co.*, 296 U.S. 268, 276 (1935) (noting that a foreign judgment can be ignored in only limited circumstances, including "possibly because procured by fraud."). Although the state courts are split, the majority of states appear to allow fraud as a basis for not giving full faith and credit to a foreign judgment. *See e.g. Blume Law Firm PC v. Pierce*, 741 N.W.2d 921, 927 (Minn. 2007) ("If . . . conduct [at trial] amounted to fraud, the [foreign] judgment would not be entitled to full faith and credit and the docketing of the judgment should be vacated in Minnesota."); *see also* E.H. Schopler, *Comment Note – Fraud as Defense to Action on Judgment of Sister State*, 55 A.L.R.2d 637, § 3 (1957).

For the purpose of determining whether fraud permits vacating a foreign judgment, some states distinguish intrinsic from extrinsic fraud, declining relief from judgment for intrinsic fraud, such as false testimony. *Id.* Maine does not appear to follow this distinction. *See Lundborg v. Phoenix Leasing, Inc.*, 91 F.3d 265, 271 (1st Cir. 1996) ("Maine law . . . no

longer rigidly adheres to the traditional labels of extrinsic and intrinsic fraud in determining which circumstances justify overturning a prior judgment."); *but see Society of Lloyd's v. Baker,* 673 A.2d 1336, 1340-41 (Me. 1996) ("[C]ourts generally continue to permit relief only when the alleged fraud is of the type formerly denominated as 'extrinsic' fraud . . . .").

In the case at bar, not only is the alleged fraud intrinsic fraud, but also Halle had in his possession at the time of trial the documents he now says would prove the alleged falsity of Davimos's testimony. Halle's attempt to relitigate the veracity of Davimos's testimony based on evidence that was in Halle's possession at the time of trial is beyond the permissible bounds of a Rule 60(b) motion. "Discrediting witnesses does not generally justify an extraordinary second opportunity . . . . Rule 60(b) does not license a party to relitigate . . . any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense." *George P. Reintjes Co. v. Riley Stoker Corp.*, 72 F.3d 44, 49 (1st Cir. 1995) (internal citations omitted).

The Motion to Vacate Judgment is therefore denied.

<u>Motion to Stay Enforcement of New York Judgment</u>

Halle also seeks to stay enforcement of the New York Judgment in this court pending final resolution of his motion for relief from judgment in

the New York Courts.  Davimos responds that Halle has failed to articulate any grounds for staying enforcement of the New York Judgment in Maine pursuant to 14 M.R.S.A. § 8005.

14 M.R.S. § 8005(2) provides that the court "shall" stay enforcement of a foreign judgment if the judgment debtor can show "any ground upon which enforcement of a judgment [in a court] of this state would be stayed . . . ."  This court has authority to issue a stay of enforcement of a judgment pending a Rule 60(b) proceeding.  *See e.g. Housing Authority of City of Bangor v. Maheux*, 2000 ME 60, ¶ 3, 748 A.2d 474; *Smith v. Kenard*, 496 A.2d 660, 662 (Me. 1985).  "It is within the inherent power of the Superior Court [to] temporarily stay the execution of its judgment whenever it is necessary to accomplish the ends of judgment." *Cutler Associates, Inc. v. Merrill Trust Co.*, 395 A.2d 453, 456 (Me. 1978); *see also Landis v. North American Co.*, 299 U.S. 248, 255-54 (1936).

The final disposition of the motion for relief from judgment proceeding in New York has the potential to affect the substance of the judgment against Halle.  Staying enforcement of the judgment in Maine until the judgment in New York is conclusively settled is prudent to prevent the necessity of further litigation to correct the results of enforcement of a judgment later overturned.  Although the court appreciates that a delay of

6

enforcement has the potential to negatively impact Davimos, it has been five years since he was initially awarded the judgment.  This limited further delay required does not outweigh the value of ensuring that the New York proceedings are conclusively settled prior to enforcement in Maine.

The Motion to Stay Enforcement of Judgment is therefore granted until June 20, 2014 or unitl final resolution of the motion for relief from judgment in New York courts, whichever comes first.

The entry is:

1. Motion to Reopen and Vacate is DENIED; and

2. Motion to Stay Enforcement of Foreign Judgment is GRANTED, until June 20, 2014, or until final resolution of the motion for relief from judgment in New York courts, whichever comes first.

Date:  July 3, 2014

Joyce A. Wheeler
Justice, Maine Superior Court

7