UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR.,          ) | |
|          ) | |
|     Plaintiff     ) | |
|          ) | Civil Action No. 13-CV-225 (GZS) |
| v.         ) | |
|          ) | |
| JOHN HALLÉ, et al.,         ) | |
|          ) | |
|     Defendants     ) | |

## REPLY IN FURTHER SUPPORT OF
## MOTION TO DISMISS COMPLAINT

John Hallé ("Mr. Hallé") and Sharon Hallé ("Mrs. Hallé"), by their undersigned counsel, Pierce Atwood LLP, hereby submit this Reply Memorandum in further support of their motion to dismiss the Complaint of Richard Davimos, Jr. ("Davimos").

### FACTUAL AND PROCEDURAL BACKGROUND

Davimos obtained a judgment against Mr. Hallé in September 2008, Compl. ¶ 9, sought discovery concerning Mrs. Hallé's assets in 2011, *Id.* at ¶¶ 14, 25 (and Aff. of M. O'Keefe, Doc. 4), yet only initiated this action *two years later* after it became clear that seeking discovery through a disclosure hearing in the State of Maine District Court was not assured. Again, Davimos has had ample opportunity to pursue recovery of the 2008 judgment (nearly five years), and has had the information contained in the Complaint in the instant action for at least two years.[1] It appears clear that Davimos has filed this action in an effort to achieve an end-run around the stay of the disclosure proceedings in the Cumberland County Superior Court – a stay that ensures

---

[1] Counsel for the Hallés must clarify a misstatement in the original Motion to Dimiss (Doc. 5 at 6), which suggested that Mr. Hallé has not been paying amounts owing under the New York Judgment. In fact, Mr. Hallé has been paying the annual amounts required under New York law. That issue is not relevant to this motion, however.

that Mr. Hallé is provided an opportunity to prove that Davimos obtained the 2008 New York Judgment through perjury and fraud.

Davimos appears to try to convince this Court (at pages 2-3) that the Superior Court of Cumberland County was incorrect in issuing the stay. But that is not the issue before this Court.

## ARGUMENT

### I.   COUNT III IS TIME-BARRED UNDER 14 M.R.S.A. § 3580.

The parties do not appear to disagree as to the applicable statute of limitations for Count III of the Complaint, nor of the evidence that the Court may properly consider. This Court may look to the allegations contained in the complaint, documents attached thereto or incorporated by reference therein, and matters that may be judicially noticed. *See Rodi v. S. N.E. Sch. of Law*, 389 F3d 5, 12 (1st Cir. 2004). This is precisely the material that the Hallés direct the Court's attention to, and they therefore disagree that their argument is based upon a "misapplication of relevant law." (Doc. 6, at 9.) To wit, below is the information that supports dismissal of Count III as time-barred:

- The alleged fraudulent transfer was made in September 2005 – three years *before* the New York Judgment was entered and nearly eight years before this action was filed.

- The Hallés supplied evidence of their assets to Davimos in or around June 2011, including the home at issue in Count III, and the affidavit upon which Davimos relies for information about this transfer is explicitly referenced in the Complaint.

- The Complaint alleges that the debt giving rise to the New York Judgment arose January 7, 2002 – now more than 11 years ago – and the this Court, in keeping with jurisprudence throughout the United States, including Maine, could well conclude that "if a reasonable inquiry would have led to the discovery of the fraud, the creditor is charged with notice of the fraud." *Kobritz v. Severance*, 912 A.2d 1237, 1241-42 (Me. 2007).

- While Davimos attempts to downplay that affidavit from Sharon Hallé as involving a "separate matter" and as unauthenticated hearsay "purportedly from an attorney of Plaintiff", notably Plaintiff does not dispute the dates, nor the existence, nor the purpose of the affidavit.  What is more, Plaintiff <u>explicitly references and relies on the same affidavit it now seeks to discredit.</u>  But perhaps even more damning, the relevance of the affidavit aside, Davimos had eleven years since the date of the purported claim of indebtedness, five years since the New York Judgment issued to ascertain the fraudulent nature of the transfer, yet failed to do so.  These are precisely the circumstances warranting a finding that the claim is time-barred.  To do otherwise would be to relieve creditors from their obligation to exercise "ordinary diligence" to ascertain the availability of assets.  *See Dumais v. Gagnon*, 433 A.2d 730, 736 (Me. 1981).

In his defense, Davimos argues that "nothing on the face of the Warranty Deed in this case … would have alerted a reasonable person either to the *fraudulent* nature of the transfer or that there was, in fact, no consideration," yet he makes express reference to the fact that "no consideration" was evidenced on the Maine Revenue Services Real Estate Transfer Tax Declaration pertaining to the transaction.  (Doc. 6, at 13.)  Pursuant to Title 36, Section 4641-D(6), such Declarations are available in close proximity to the filing of the deed.  36 M.R.S.A. 4641-D(6) ("The register of deeds shall transmit the declaration of value to the State Tax Assessor not later than 40 days from the date of recordation of the deed or, in the case of a transfer of a controlling interest subject to tax under this chapter, no later than the 10th day of the month following the month in which the report of the transfer is received by the register of deeds.")  This, too, provides evidence that "ordinary diligence" on the part of Davimos should have lead him to detect the fraudulent nature of the transfer about which he now complains.  Unfortunately, by

sitting on his rights for years beyond the one-year grace period allowed under the MUFTA, Davimos has lost that right.

Again, the key here is that the alleged fraud (of which there is none) *should have been discovered* more than one year before the filing of this action. The complained-of transfer took place in 2005. Davimos's counsel inquired about it in 2011. Had Davimos undertook the necessary steps to inquire into the reasons for the transfer, he *should have discovered* whether that transfer – made several years before the judgment at issue – was somehow fraudulent.

The case of *Freitag v. McGhie*, 947 P.2d 1186, 1190-91 (Wash. 1997) (*en banc*), relied upon by Davimos, is in accord with this result. As noted by Davimos, the court in *Freitag* made clear that the statute begins to run when "the claimant discovered *or could have discovered the fraudulent nature of the transfer*." *Id.* at 1190 (emphasis added). While Davimos complains that the face of the transfer deed did not indicate the lack of consideration paid, he explicitly references the Maine Revenue Services Real Estate Transfer Tax Declaration (Compl., Doc. 1, at ¶ 17), which did, and which would have been available to Davimos long before the six-year statute of limitation. *See* 36 M.R.S.A. § 4641-D(6).

## II.  COUNTS I AND II LACK SUFFICIENT FACTUAL ALLEGATIONS.

The parties similarly agree as to the applicable standard for evaluating whether the plausibility standard has been met by the specific factual allegations contained in the Complaint.[2] They differ, however, regarding whether Davimos's factual allegations exist (or are sufficient) or whether they are merely conclusory. Rather than identify the particular factual allegations that Davimos contends meets the applicable standard, Davimos instead argues that the standard for

---

[2] Davimos asserts that the Hallés mis-cite *LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, No. 8-234 (GMS), 2009 WL 3738306 (D.Del. No. 2009) for the proposition that "sufficient detail" includes "name, date, amount, circumstances, and transferee." In fact, the Hallés cited (correctly) *In re DVI*, No. 08-50248, 2008 WL 4239120, at *8-9 (Sept. 16, 2008). The missing "*Id.*" citation was to *In re WBE, LLC*, No. 09-10649, 2011 WL 2607090, *4 (Bankr. D. Del., June 30, 2011), which is cited in full, with the same quotation, on page 9 of the Hallés' motion.

Rule 9(b) fraud allegations should be relaxed where the particulars of the fraud claim are within the knowledge of the defendant(s).[3] *See* Doc. 6, at 5-6.  Whether under the heightened pleading standard of Rule 9(b) or otherwise, the details regarding the transfers must be sufficiently detailed to allow the defendant to respond.  Here, Davimos is missing the following information:

**Count II:**  Davimos's complaint fails to allege the date on which Mr. Hallé allegedly transferred his membership interest in JH North Hampton Group, LLC (Doc. 1, ¶ 9), nor does it allege the specifics of whether and what (if any) interest was transferred.  Notably, JH North Hampton Group, LLC was formed at a time when Mr. Hallé had enjoyed a victory with the New York appellate court, which had reversed the trial court's grant of summary judgment.  *Id.* at ¶ 7.  As noted in the Motion at page 8, there is no factual support for the alleged transfer, and so there cannot be any factual support for the allegation that Mr. Hallé retained possession or control of the membership interest after the transfer.  *See* Doc. 1, ¶ 30.

**Count II:**  Likewise, Davimos's complaint fails to allege the date – or any other details – sufficient to allege a transfer of Mr. Hallé's interest in Jenis Holding Company, LLC to Mrs. Hallé, other than to assert that it was sometime "subsequent to November 2007."  Further, there is no allegation as to what interest was transferred or whether Mr. Hallé retained any possession or control over the property allegedly transferred.

Again, these allegations appear to be calculated more to obtain discovery that Davimos is not currently permitted to obtain in the State of Maine courts than to seek redress for any legitimately fraudulent transfer of assets.  The fact that these alleged transfers, moreover, occurred in 2005 (Count III), 2007 or subsequently (Count II), and 2009 or 2010 (Count I) are additionally

---

[3] Here, the Hallés believe that providing the necessary information to fill in the gaps for Davimos would disprove, rather than support, the missing allegations in Counts I and II.

indicative that the real interest is not in seeking to preserve the long ago transferred assets but to exert pressure through ancillary litigation and discovery.

## CONCLUSION

For the foregoing reasons, Defendants Mr. and Mrs. Hallé respectfully request that this Court dismiss Davimos's complaint in its entirety, as Count I is time-barred and Counts II and III lack sufficient specificity to state claims.

DATED:   August 20, 2013

      /s/ *Margaret Minister O'Keefe*
Margaret Minister O'Keefe
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine  04101
(207) 791-1100
(207) 791-1350 (fax)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

DATED:  August 20, 2013                /s/ *Margaret Minister O'Keefe*
                                                        Margaret Minister O'Keefe