UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR., | ) |
|         Plaintiff | ) |
| | ) Civil Action No. 13-CV-225 (GZS) |
|     v. | ) |
| JOHN HALLÉ, et al., | ) |
|         Defendants | ) |

## **ANSWER TO COMPLAINT**

NOW COME Defendants John Hallé ("Mr. Hallé") and Sharon Hallé (Mrs. Hallé"), by their undersigned counsel, Pierce Atwood LLP, and file this Answer to the Complaint of Richard Davimos, Jr. ("Davimos") as follows:

### **PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

### **ALLEGATIONS**

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Davimos asserted a claim for $1,000,000 against Mr. Halle, but deny that Mr. Halle provided a guaranty to Davimos.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the asserted amount of the interest alleged, but otherwise admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint except to the extent that it suggests that the formation of JH North Hampton Group, LLC and N7OKC, LLC were formed contemporaneously.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny that the application to register Jenis Holding Company, LLC as a foreign limited liability company in New Hampshire was filed on November 2, 2007, but acknowledge that it was signed on that date. Defendants deny that Mr. Halle signed the application for registration as a "member" of Jenis Holding Company, LLC.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Defendants transferred the real estate located at 106 Woodlands Drive, Falmouth, Maine to Sharon Halle, but deny the characterization of the Maine Revenue Services Real Estate Transfer Tax Declaration pertaining to the transaction.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

**COUNT I**

26. In response to the allegations contained in Paragraph 26 of the Complaint, Defendants incorporate and reassert their answers to the preceding paragraphs as if fully set forth herein.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that Mrs. Halle was a relative of Mr. Halle at the time of the transfer of Mr. Halle's membership interest in JH North Hampton Group, LLC. Defendants also admit that Mr. Halle had been sued by Davimos in the Davimos-Halle Litigation and that the judgment had issued prior to the transfer. Defendants otherwise deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, their attorneys' fees, their costs of court, and such other and further relief as the Court deems just and appropriate.

**COUNT II**

32. In response to the allegations contained in Paragraph 32 of the Complaint, Defendants incorporate and reassert their answers to the preceding paragraphs as if fully set forth herein.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny that Mr. Halle had a membership interest in Jenis Holding Company, LLC, and therefore deny all of the allegations contained in Paragraph 37 of the Complaint relating to any transfer of the alleged interest.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, their attorneys' fees, their costs of court, and such other and further relief as the Court deems just and appropriate.

## COUNT III

39. In response to the allegations contained in Paragraph 39 of the Complaint, Defendants incorporate and reassert their answers to the preceding paragraphs as if fully set forth herein.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit that Mrs. Halle was a relative of Mr. Halle at the time of the transfer of Mr. Halle's membership interest in the 106 Woodlands Drive, Falmouth, Maine real estate and that Mr. Halle had been sued by Davimos in the Davimos-Halle Litigation prior to the transfer. Defendants otherwise deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, their attorneys' fees, their costs of court, and such other and further relief as the Court deems just and appropriate.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent Defendant Mr. Halle has a right of recoupment.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred by the doctrine of estoppel.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff's claims are barred by the doctrine of waiver.

7. Plaintiff's claims are barred by his own inequitable conduct and the doctrine of unclean hands.

8. Plaintiff is not entitled to recover pre-judgment interest, costs, or attorneys' fees on any amounts sought in the Complaint. Equitable factors weigh in Defendants' favor in this matter and against an award to Plaintiff of pre-judgment interest, costs, and/or attorneys' fees, the granting of which rests at the discretion of this Court.

9. Each of the alleged transfers was made and received in good faith and for value.

10. Each of the alleged transfers to an alleged insider was made in the ordinary course of business or financial affairs of the Defendants.


DATED: October 11, 2013

   /s/ *Margaret Minister O'Keefe*
Margaret Minister O'Keefe
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
(207) 791-1100
(207) 791-1350 (fax)

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.


DATED: October 12, 2013                    /s/ *Margaret Minister O'Keefe*
                                                       Margaret Minister O'Keefe