# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

RICHARD DAVIMOS, JR.     )
                                )
         Plaintiff        )
                                )
     v.                    )      Civil Action No. 2:13-cv-225 (GZS)
                                )
JOHN HALLÉ, *et al.,*       )
                                )
        Defendants    )

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In accordance with and subject to the provisions of Fed. R. Civ. P. 56, Defendants John Hallé and Sharon Hallé submit the following statement of undisputed material facts.

## THE NEW YORK JUDGMENT

1.      In January, 2002, Plaintiff Richard Davimos filed a lawsuit in the Supreme Court of New York, Index No. 1110132-02 against Defendant John Hallé individually concerning a demand for payment of a $1,000,000 guarantee Mr. Davimos alleged was issued to him by Mr. Hallé. (Stip. ¶ 1.)

2.      On July 19, 2005, the New York Suprme Court granted partial summary judgment in favor of Mr. Davimos. (Stip. ¶ 2.)

3.      On December 19, 2006, the Appellate Division of the Supreme Court of New York reversed the Supreme Court's Order granting summary judgment and remanded the case. (Stip. ¶ 3.)

4.      On November 26, 2007, a bench trial was held in the New York Supreme Court, resulting in a judgment dated September 18, 2008 in the total sum of $1,582,075.53, consisting

of the principal sum of $1,000,000.00, plus interest from January 7, 2002, until the date of the judgment in the sum of $582,075.53, in favor of Mr. Davimos. (Stip. ¶ 4.)

5.      In March, 2009, the Supreme Court of the State of New York Appellate Division affirmed the judgment. (Stip. Rec. ¶ 5.)

### JENIS HOLDING COMPANY, LLC

6.      Jenis Holding Company, LLC was a limited liability company organized under the laws of the State of Florida. Jenis Holding Company, LLC was eventually dissolved. (J. Hallé Dep. 16:10-17:9.) (Stip. Ex. 1.)

7.      "Jenis" stands for Jean, Nicholas, and Sharon Hallé. Jean and Nicholas are John and Sharon Hallé's sons. (J. Hallé Dep. 21:24-22:22.)

8.      Defendant John Hallé has never been a member of Jenis Holding Company, LLC and has never owned an interest in Jenis Holding Company, LLC. (J. Hallé Dep. 31:14-34:13, 42:18-45:21)(S. Hallé Dep. 178:6-179:19, 182:13-183:9)(Branson Dec. Ex. 1-2)(Stip. Ex. 1, 3-5.)

9.      As confirmed by the Action by Consent of Organizer and Members dated December 13, 2006, the members of Jenis Holding Company, LLC are Sharon Hallé, Jean R. Hallé, and Nicholas Hallé. (S. Hallé Dep. 178:6-179:19, 182:13-183:9.)(Branson Dec Ex. 1.)

10.     The Consent of Managers and Members dated December 13, 2006 is consistent with the Action by Consent of Organizer and Members in that that the members of Jenis Holding Company, LLC are Sharon Hallé, Jean R. Hallé, and Nicholas Hallé. (Branson Dec. Ex. 2.)

11.     On November 2, 2007, Defendant John Hallé signed an Application for Registration as a Foreign Limited Liablity Company on behalf of Jenis Holding Company, LLC with the State of New Hampshire. (Stip. Ex. 2.)

12.     Underneath John Hallé's signature, the name "member" was written. John Hallé did not write the word "member" under his name. (J. Hallé Dep. 10:6-12:17.)

13.     The use of the word "member" was an error because John Hallé was not actually member of Jenis Holding Company, LLC. (J. Hallé Dep. 31:14-34:13, 42:18-45:21.)(S. Hallé Dep. 178:6-179:19, 182:13-183:9)(Branson Dec. Ex. 1-2)(Stip. Ex. 1, 3-5.)

14.     The November 2, 2007 Application for Registration as a Foreign Limited Liability Company is the only corporate filing signed by John Hallé in any capacity on behalf of Jenis Holding Company, LLC. (Stip. Ex. 1-5)(Branson Dec. 1-2.)

### 106 WOODLANDS DRIVE, FALMOUTH, MAINE

15.     By way of a deed dated September 15, 2005, John Hallé and Sharon Hallé transferred real estate located at 106 Woodlands Drive, Falmouth, Maine to Sharon Hallé. (Stip. ¶¶ 11, 12, Ex. 6.)

16.     John Hallé and Sharon Hallé's intent in transferring the real estate was for estate planning purposes, and not to defraud any creditor. In particular, John Hallé had learned from his father potential tax consequences that might result from the fact that he is a Canadian citizen. (J. Hallé Dep. 76:18-80:24; S. Hallé Dep. 67:6-72:13.)

17.     It is common for spouses to transfer real estate to one another for estate planning purposes. (Koutalakis Dep. 34:17-35:5.)

18.     At the time of the transfer, John Hallé did not believe he would have any liability to Mr. Davimos. (J. Hallé Dep. 80:7-80:24.)

19.     The September 15, 2005 deed was publicly recorded in the Cumberland County Registry of Deeds Book 23184 Page 159 on September 23, 2005. (Stip. Ex. 6.)

20.     In 2005, the Cumberland County Registry of deeds was open to the public, placing the world on notice of the documents recorded therein. (Koutalakis Dep. 38:16-40:9; 53:2-54:5.)

21.     Any member of the public, including Mr. Davimos, reasonably could have discovered the transfer of 106 Woodlands Drive, Falmouth, Maine from John Hallé and Sharon Hallé to Sharon Hallé individually by reviewing the Cumberland County Registry of Deeds in 2005 and locating the September 15, 2005 deed. (Koutalakis Dep. 38:16-40:9; 53:2-54:5.)

Dated: June 10, 2014                         _/s/ Brian L. Champion_____
                                             Brian L. Champion, Bar #3765
                                             Tyler J. Smith, Bar #4526
                                             Libby O'Brien Kingsley &
                                               Champion, LLC
                                             62 Portland Road, Suite 17
                                             Kennebunk, ME 04043
                                             Tel:  (207) 985-1815
                                             E-mail:  bchampion@lokllc.com
                                                       tsmith@lokllc.com
                                             Attorneys for the Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which caused a copy of this document to be served electronically on all registered counsel of record:

> Lee H. Bals, Esq.
> Marcus Clegg Mistretta, P.A.
> One Canal Plaza, Suite 600
> Portland, ME  04101-4035

Dated:  June 10, 2014

_/s/ Brian L. Champion_____
Brian L. Champion, Bar #3765
Libby O'Brien Kingsley &
 Champion, LLC
62 Portland Road, Suite 17
Kennebunk, ME 04043
Tel:  (207) 985-1815
E-mail:   bchampion@lokllc.com
Attorney for the Defendants