UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR. )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>JOHN HALLÉ, *et al.,* )<br>)<br>    Defendants ) | Civil Action No. 2:13-cv-225 (GZS) |

### DECLARATION OF CHRISTOPHER B. BRANSON, ESQ.
### IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Christopher B. Branson, Esq., depose and say as follows:

1. My name is Christopher B. Branson, and I am a licensed Maine attorney practicing law with the law firm of Murray Plumb & Murray. I make this affidavit upon my own personal knowledge.

2. I was the organizer of Jenis Holding Company, LLC. Since the organization of Jenis Holding Company, LLC, Murray Plumb & Murray has been and continues to be the custodian of the corporate record book for Jenis Holding Company, LLC.

3. The attached records are true and correct copies of the Action by Consent of Organizer and Members with attached Regulations, dated December 13, 2013 (**Exhibit 1**), and the Consent of Managers and Members, dated December 13, 2006 (**Exhibit 2**), maintained by Murray Plumb & Murray on behalf of Jenis Holding Company, LLC. I am familiar with these records and the manner in which they were created, stored, and maintained by Murray Plumb & Murray on behalf of Jenis Holding Company, LLC.

1

I declare, pursuant to 28 U.S.C.S. § 1746, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of June, 2014 at Portland, Maine.

                                       /s/ Christopher B. Branson
                                       Christopher B. Branson, Esq.

# JENIS HOLDING COMPANY, LLC

## ACTION BY CONSENT OF ORGANIZER AND MEMBERS

The undersigned, Christopher B. Branson, intending to act as organizer and to form a limited liability company under the Florida Limited Liability Company Act known as JENIS HOLDING COMPANY, LLC (the "Company"), and the undersigned, Sharon E. Hallé, Jean R. Hallé, Jr., and Nicholas J. Hallé, being the persons who are to become members of the Company, hereby consent to the following action and adopt the following votes, in lieu of the organizational meeting:

**VOTED**: That the Articles of Organization of the Company attached to and made a part of this Consent be executed by the organizer and submitted to the Secretary of the State of Florida for approval and filing; and that the proper fee be paid in respect thereof.

**VOTED**: That the fiscal year of the Company shall begin on January 1 and end on December 31 of each year.

**VOTED**: That the mailing address of the Company until changed in accordance with the Regulations be and it hereby is designated as c/o Christopher B. Branson, Esquire, Murray, Plumb & Murray, PO Box 9785, Portland, Maine 04104-5085.

**VOTED**: That the address of the principal office of the Company until changed in accordance with the Regulations be and it hereby is 64 Lafayette Road, Suite 9, North Hampton, New Hampshire 03862.

EXHIBIT 1

**VOTED**: That the initial registered office of the Company be and hereby is 1574 Village Square Boulevard, Suite 100, Tallahassee, Florida 32309, and the initial registered agent be and hereby is UCC Filing & Search Services, Inc.

**VOTED**: That the Regulations attached to and made a part of this Consent be, and the same hereby are, adopted as the Regulations of the Company.

**VOTED**: That the number of Managers, until changed in accordance with the Regulations, be and hereby is fixed at one (1) and that the following Manager be, and hereby is elected, effective immediately, to hold office in accordance with the Regulations:

        Manager:    Sharon E. Hallé
        President:   Sharon E. Hallé

**IN WITNESS WHEREOF**, this Consent has been executed effective as of December 13, 2006, and filed with the records of the limited liability company, and shall be treated for all purposes as votes taken at a meeting.

_____       _____
Christopher B. Branson, Organizer     Sharon E. Hallé, Member

Jean R. Hallé, Member     Nicholas J. Hallé, Member
By: _____     By: _____
Sharon E. Hallé as custodian for Jean R.     Sharon E. Hallé as custodian for Nicholas J.
Hallé under the Florida Uniform Transfers     Hallé under the Florida Uniform Transfers
to Minors Act     to Minors Act

# REGULATIONS
# OF
# JENIS HOLDING COMPANY, LLC

## ARTICLE I - NAME, REGISTERED OFFICE AND REGISTERED AGENT

1. <u>Name.</u> The name of this company is **JENIS HOLDING COMPANY, LLC**.

2. <u>Registered Office and Registered Agent</u>. The address of the registered office of this Company and the agent at said address is UCC Filing & Search Services, Inc., 1574 Village Square Boulevard, Suite 100, Tallahassee, Florida 32309.

## ARTICLE II - FISCAL YEAR

1. <u>Fiscal Year.</u> The fiscal year of this Limited Liability Company shall begin on January 1 and end on December 31 of each year.

## ARTICLE III - MEETINGS OF MEMBERS

<u>Annual Meetings</u>. The annual meeting of the Members of this Company shall be held at such time as shall be determined by the Members each year. Each annual meeting shall be held at the principal office of the Company unless some other place in or out of the State of Florida is designated by the Members three (3) weeks or more before the day of such meeting.

1. <u>Special Meetings</u>. Special meetings of the Members may be called for any purpose or purposes and held at any place in or out of the State of Florida, at any time, by call of the President, by resolution of a majority of the Members, or at the request of Members owning not less than fifty percent (50%) of the capital account of the Company. Notice of such special meeting must be given at least ten (10) days prior to the date of such meeting.

2. <u>Notice and Waiver</u>. Notice of Members' meetings, signed by the Secretary, shall be mailed to each Member having the right and entitled to vote at such meeting, at his or her address as it appears on the records of the Company, not less than ten (10) nor more than sixty (60) days before the date set for the meeting and the time and place it is to be held. Such a notice shall be sufficient for that meeting and any adjournment thereof. If any Member shall transfer any of his or her ownership interest after notice, it shall not be necessary to notify the transferee. Any Member may waive notice of any meeting either before, at, or after the meeting. Any meeting of Members may be held either within or without the State of Florida.

3. <u>Quorum</u>. A quorum at any meeting of the Members shall consist of the Members owning fifty percent (50%) of the capital account of the Company represented in person or by proxy and fifty percent (50%) of all of the Members eligible to vote, and not merely those in

attendance at such meeting, shall decide any question that may come before the meeting, but any number of Members, even if less than a quorum, may adjourn the meeting.

4. Voting. Every Member having the right to vote at a meeting of Members shall be entitled, upon each proposal presented at the meeting, to vote in proportion to his or her contribution to capital recorded in his or her name on the books of the Company on the record date fixed, or if no such record date is fixed, on the date of the meeting. The books of record of Members shall be produced at any Members' meeting upon the request of any Member.

5. Informal Action by Members. Any action that may be taken at a Members' meeting may be taken without a meeting if a consent in writing, setting forth the action, shall be signed by the Members owning not less than the minimum percentage of the capital account of the Company that would be necessary to authorize or take such action at a meeting at which all Members entitled to vote thereon were present and voted, and filed with the Secretary of the Company. Within ten (10) days after obtaining such authorization by written consent, notice must be given to those Members who have not consented in writing to such action taken.

## ARTICLE IV - MANAGERS

1. Managers. The business and property of the Company shall be managed by a Manager or Managers, and such Manager(s) shall have full control over the affairs of the Company and shall be authorized to exercise all of its powers unless otherwise provided in these Regulations. Except as otherwise provided in the Articles of Organization, the Managers shall be elected at the annual meeting of the Members by a plurality of the votes cast at such election, for the term of one (1) year, and shall serve until the election and acceptance of their duly qualified successors. Vacancies in the Board of Managers shall be filled by the Managers remaining in office.

2. Regular Meetings. If more than one (1) Manager, a regular meeting of the Managers shall be held immediately following the annual meeting of Members each year, and at such times thereafter as the Board of Managers may fix, and at other times upon the call of the President or by a majority of the Managers.

3. Special Meetings. Special meetings of the Board of Managers may be held in or out of the State of Florida, and may be called at any time or place by the President or by any Member, on at least ten (10) days written notice, or may be held at any time and place without notice, by unanimous written consent of all the Members, or by the presence of all Members at such meeting or those not present shall at any time waive notice thereof.

4. Quorum. A quorum at any meeting shall consist of a majority of the Managers. A majority of such quorum shall decide any questions that may come before the meeting. If at any meeting less than a quorum is present, the Members present, or a majority of them, may adjourn the meeting to another time and/or place.

2

5. Election of Officers. Officers of the Company shall be elected by the Managers. If any office becomes vacant during the year, the Managers shall fill the same for the unexpired term. The Managers shall fix the compensation of the officers and agents of the Company who may be Members of the Manager's family so long as their compensation is competitive in the market place for similar situated employees or agents. Any officer elected or appointed may be removed with or without cause by a majority of the Managers.

6. Informal Action. If all the Managers severally or collectively consent in writing to any action taken or to be taken by the Company, and the writing or writings evidencing their consent are filed with the Secretary of the Company, the action shall be as valid as though it has been authorized at a meeting of the Managers.

## ARTICLE V - OFFICERS

1. Officers. The officers of the Company may include a President, who shall be a Manager, and such other officers with such duties as determined by the Managers. Each officer shall be elected annually for the term of one (1) year, unless sooner removed by the Managers, and each of whom shall hold office until his successor shall be elected and qualified. Any person may hold two (2) or more offices.

2. President. The President shall be the chief executive officer of the Company, shall preside at all meetings, shall make reports to the Members and Managers, shall execute all instruments in the name of the Company and inscribe the seal where necessary or required, and perform all such other duties as are incident to his office or are properly required of him by the Managers.

3. Removal of Officers. Any officer may be removed from office with or without cause by the vote of not less than a majority of the whole membership of the Managers at any regular or special meeting of the Managers.

4. Vacancies. When a vacancy occurs in one of the executive offices by death, resignation or otherwise, it shall be filled by the Managers. The officer so selected shall hold office until his successor is chosen and qualified.

## ARTICLE VI - TRANSFERS OF OWNERSHIP INTERESTS

1. Transfer of Ownership Interest. The ownership interest of a Member may be transferred or assigned by a Member only in accordance with the terms and conditions set forth in the Members= Agreement to be entered into between the Members.

2. Membership Certificate. The ownership interest of a Member may, but need not, be evidenced by Membership Certificates issued in numerical order from a Membership Certificate Book, and be signed by the Manager, and sealed with the seal of the Company. The form of Membership Certificate shall be adopted by the Managers. Each one dollar ($1.00) of capital contributed to the Company shall represent a "Unit" in the Company and each

3

Membership Certificate shall be issued to each respective Member for the number of Units based upon the number of dollars contributed by each respective Member to the capital of the Company. If adjustments are made to the capital account of any Member, his Membership Certificate shall be surrendered and a new Membership Certificate shall be reissued for the number of Units reflected by the adjusted capital account. Subject to the provisions of the foregoing paragraph 1 of this Article VI, Membership Certificates may be transferred by delivery of the Certificate accompanied either by an assignment in writing on the back of the Certificate or by a written Power of Attorney to sell, assign, and transfer the same on the books of the Company, signed by the person appearing by the Certificate to be the owner of the Units represented thereby, together with any necessary federal or state transfer tax stamps affixed, and shall be transferrable on the books of the Company upon surrender thereof so assigned or endorsed. The person registered on the books of the Company as the owner of any Units shall be entitled to all the rights of ownership with respect to such Units. It shall be the duty of every Member to notify the Company of his post office address.

3. <u>Lost Certificates</u>. The Managers may direct a new Certificate to be issued in place of a Certificate alleged to have been destroyed, lost or misplaced, if the owner makes an affidavit that it is destroyed, lost or misplaced. The Managers, in their discretion, may as a condition precedent to issuing the new Certificate, require, the owner to give the Company a bond as indemnity against any claim that may be made against the Company on the Certificate allegedly destroyed, lost or misplaced.

## ARTICLE VII - DISTRIBUTIONS

Distributions may be paid to Members from the net earnings of the Company or from the surplus of the assets over the liabilities including capital, but not otherwise. The authority to declare a distribution may be delegated to the Managers by the Members.

## ARTICLES VIII - SEAL

The seal of the Company shall consist of a flat faced circular die with the name of the Company, and the word "seal" inscribed thereon, and may be facsimile, engraved, printed, or an impression seal.

## ARTICLES IX - AMENDMENTS

Members may amend, repeal, or alter these Regulations in whole or in part, at any Members' meeting, regular or special, by sixty-six percent (66%) vote of all of the Members eligible to vote and not merely those in attendance at such meeting, if the proposed amendment or change is included in the notice to Members or waiver of notice is obtained.

# JENIS HOLDING COMPANY, LLC

## CONSENT OF MANAGERS AND MEMBERS

The undersigned, being the Managers and Members of **JENIS HOLDING COMPANY, LLC** (the "Company"), pursuant to the provisions of the Florida Limited Liability Company Act and the Regulations of this Company, hereby consent to the following actions and adopt the following resolutions:

> **RESOLVED**: That the form of certificate for fully paid and nonassessable units of the Company ("Units"), a specimen of which is to be filed in the minute book of the Company with this Consent, is hereby approved and adopted; and

**WHEREAS**, Sharon E. Hallé has offered to subscribe for One Hundred (100) Units and in consideration thereof to pay to the Company the sum of One Dollar ($1.00) per Unit, for the aggregate sum of One Hundred and 00/100 Dollars ($100.00); and

**WHEREAS**, Jean R. Hallé, Jr. has offered to subscribe for One Hundred (100) Units and in consideration thereof to pay to the Company the sum of One Dollar ($1.00) per Unit, for the aggregate sum of One Hundred and 00/100 Dollars ($100.00); and

**WHEREAS**, Nicholas J. Hallé has offered to subscribe for One Hundred (100) Units and in consideration thereof to pay to the Company the sum of One Dollar ($1.00) per Unit, for the aggregate sum of One Hundred and 00/100 Dollars ($100.00); and

**WHEREAS**, the Managers and Members determine that this consideration is adequate.

**NOW, THEREFORE, BE IT**

> **RESOLVED**: That the subscription offers of Sharon E. Hallé, Jean R. Hallé, and Nicholas J. Hallé are accepted and that payment in full having been made by said subscribers, the Manager is authorized, empowered and directed to execute, issue and deliver, in the name and on behalf of the Company, certificates

**EXHIBIT 2**

representing One Hundred (100) Units to each said subscriber; and further

**RESOLVED**: That upon issuance of the certificates, the Units represented by it shall be validly issued, fully paid and nonassessable.

This writing shall be filed with the records of JENIS HOLDING COMPANY, LLC, effective as of December 13, 2006, for all purposes being treated as votes taken at a meeting.

_____
Sharon E. Hallé, Manager and Member

Jean R. Hallé, Member

By: _____
Sharon E. Hallé as custodian for Jean R. Hallé under the Florida Uniform Transfers to Minors Act

Nicholas J. Hallé, Member

By: _____
Sharon E. Hallé as custodian for Nicholas J. Hallé under the Florida Uniform Transfers to Minors Act

S:\JJ\HLLE09\JENIS Holding Company LLC\ConsentofManagerMember.jhc llc.1.doc

2