UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD DAVIMOS, JR.           )
                               )
            Plaintiff          )
                               )
v.                             )   Case No. 2:13-CV-00225-GZS
                               )
JOHN HALLÉ and                 )
SHARON HALLÉ,                  )
                               )
            Defendants         )

**PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL
FACTS; ADDITIONAL FACTS IN SUPPORT OF OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Richard Davimos, Jr., through undersigned counsel, and pursuant to

Local 56(c), submits the following Opposing Statement of Material Facts:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Qualified.  The stipulation is that the judgment was dated June 26, 2008.

(Stipulation #4.)

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied.  (Stipulation #7, Exhibit 2.)

9.      Qualified.  John Hallé's real name is Jean R. Hallé.  (Deposition of John

Hallé, p. 4, l. 5-12.)  To the extent this statement intends to assert Defendant John Hallé

was a member of Jenis Holding Company, LLC the statement is admitted.

1

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Denied.  (Stipulation #7, Exhibit 2.)  The Application for Registration for Jenis Holding Company, LLC as a New Hampshire company contains a certification that John Hallé is a member and John Hallé signed the form in two different places.

14.     Admitted.

15.     Admitted.

16.     Denied. The following facts evidence an actual intent to defraud:

(1)     The transfers were made to an insider.  14 M.R.S.A. § 3575(2)(A). It is undisputed that the transfer was from John Hallé to his spouse, Sharon Hallé.  (Stipulation #11.)

(2)     The debtor retained possession or control of the property.  14 M.R.S.A. § 3575(2)(B).  At all times Sharon Hallé lived at the subject Falmouth property, John Hallé lived there too.  (Statement of Additional Facts, ¶ 40.)  John Hallé paid the mortgage on the 106 Woodlands Drive, Falmouth property. (Statement of Additional Facts, ¶ 41.)

(3)     The transfer was concealed.  14 M.R.S.A. § 3575(2)(c).  The deed indicates John Hallé transferred his interest in the property for "consideration", when in fact he did not.  (Stipulation #12; Statement of Additional Facts, ¶ 42.)

(4)     At the time of the transfer, Mr. Hallé was insolvent within the meaning of the Uniform Fraudulent Transfer Act.  14 M.R.S.A. § 3575(I) (Statement of Additional Facts,  ¶ 43.)  Under the Uniform Fraudulent Transfer Act, a debtor is

insolvent if the sum of the debtor's assets is greater than all of the debtor's assets at a fair valuation.  The parties stipulated that at the time of each of the transfers which are the subject of the Complaint, Mr. Hallé's assets were insufficient to meet his liabilities if the debt to Mr. Davimos was factored in (Deposition of Sharon Hallé, p. 218-221, Discovery Order [Document 23] p. 2.)

         (5)     The transfer occurred shortly after a substantial debt was incurred. 14 M.R.S.A. § 3575(2)(5).  On July 19, 2005, the New York Supreme Court granted partial summary judgment in favor of Mr. Davimos on his claim for $1,000,000. (Statement of Material Facts, ¶¶ 1, 2.)  Less than two months later, Mr. Hallé transferred his interest in the Falmouth property to his wife.  (Statement of Material Facts, ¶ 15.)

17.     Admitted.

18.     Denied.  On July 19, 2005, the New York Supreme Court granted partial summary judgment in favor of Mr. Davimos with respect to a breach of contract claim.

19.     Admitted.

20.     Admitted.

21.     Admitted.

### ADDITIONAL FACTS

22.     John Hallé runs a company called Cate Street Capital.  (Deposition of John Hallé, p. 20, l. 17-18.)

23.     John Hallé manages "a bunch of companies" and has a "staff." (Deposition of John Hallé, p. 14, l. 24-25.)

24.     Cate Street Capital forms corporations on a  monthly basis.  (Deposition of John Hallé, p. 20, l. 18-19.)

25.     John Hallé's attorneys decide in which state an LLC will be formed. (Deposition of John Hallé, p. 15, l. 3-7.)

26.     Documents are put in front of Mr. Hallé and he is told where and in what capacity to sign.  (Deposition of John Hallé, p. 15, l. 9-11.)

27.     John Hallé played a role in the decision to form Jenis Holdings Company, LLC.  (Deposition of John Hallé, p. 15, l. 12-19.)

28.     John Hallé assumes that the decision to create Jenis Holding Company, LLC was made so that there was a place to park cars and assets.  (Deposition of John Hallé, p. 21, l. 24-25; p. 22, l. 1-20.)

29.     The Jenis Holding Company, LLC Application for Registration as a Foreign Limited Liability Company in New Hampshire provides that it "shall be executed on behalf of the foreign limited liability company by a person with authority to do so under the laws of the state or other jurisdiction of its formation . . ."  (Stipulation #7, Exhibit 2.)

30.     The name John Hallé's is typed on the Application for Registration as a Foreign Limited Liability Company on page 2 of the form.  (Stipulation #7, Exhibit 2.)

31.     Underneath John Hallé's typewritten name on page 2 of the Jenis Holding Company, LLC Application for Registration as a Foreign Limited Liability Company in New Hampshire the word "**member**" has been written in.  (Stipulation #7, Exhibit 2.)

32.     On the 4th page of the Jenis Holding Company, LLC Application for Registration as a Foreign Limited Liability Company in New Hampshire the name "John Hallé" has been typed in as "contact person."  (Stipulation #7, Exhibit 2.)

33.    On the bottom of page 4 of the Jenis Holding Company, LLC Application for Registration as a Foreign Limited Liability Company in New Hampshire is a "certification of accuracy" with the name John R. Hallé typed in.  (Stipulation #7, Exhibit 2.)

34.    On the bottom of page 4 of the Jenis Holding Company, LLC Application for Registration as a Foreign Limited Liability Company in New Hampshire is the signature of John Hallé.  (Stipulation #7, Exhibit 2.)

35.    Jennie Clegg, counsel for Richard Davimos, Jr., obtained the Deed transferring the 106 Woodlands Drive, Falmouth property from John Hallé to Sharon Hallé on or about May 22, 2013.  (Affidavit of Jennie L. Clegg, ¶ 4.)

36.    In Attorney Clegg's experience, when real estate is transferred for no consideration and no transfer tax is paid, the deed is typically stamped with the notation "no transfer tax paid" or words to that effect.  (Affidavit of Jennie L. Clegg, ¶ 7.)

37.    Upon reviewing the Deed transferring the 106 Woodlands Drive, Falmouth property from John Hallé to Sharon Hallé, Attorney Clegg had questions about the consideration actually paid as the Deed recited.  (Affidavit of Jennie L. Clegg, ¶ 12.)

38.    On May 22, 2013, Attorney Clegg instructed a member of her professional staff to investigate obtaining a copy of the real estate transfer tax declaration for the 106 Woodlands Drive, Falmouth property.  (Affidavit of Jennie L. Clegg, ¶ 12.)

39.    The real estate transfer tax declaration which was obtained from the Town of Falmouth for the September 15, 2005 transfer of the 106 Woodlands Drive, Falmouth property from John Hallé to Sharon Hallé indicates that the transfer was "for no consideration."  (Affidavit of Jennie L. Clegg, ¶ 13, Exhibit B.)

40.     At all times that Sharon Hallé lived at the 106 Woodlands Drive, Falmouth property, John Hallé lived there too.  (Deposition of Sharon Hallé, p. 89, l. 3-6.)

41.     John Hallé paid the mortgage on the 106 Woodlands Drive, Falmouth property.  (Deposition of Sharon Hallé, p. 79, l. 3-20.)

42.     Sharon Hallé did not pay John Hallé any consideration for the transfer of his interest in the 106 Woodlands Drive, Falmouth property.  (Deposition of Sharon Hallé, p. 98, l. 1-17.)

43.     At the time of the transfer of his interest in the 106 Woodlands Drive, Falmouth, Maine property to Sharon Hallé, John Hallé was insolvent within the meaning of the Uniform Fraudulent Transfer Act.  (Stipulation of the parties read into the record at Sharon Hallé's Deposition, p. 218-221; Discovery Order [Document 23] p. 2.) Specifically, John Hallé's assets taken at fair valuation were inadequate to meet his liabilities if the debt to Mr. Davimos was included in his liabilities.  *Id.*

44.     John Hallé has transferred houses to his wife to keep them out of the reach of creditors and "protect his assets."  (Deposition of John Hallé, *Americenter of Bloomfield, L.P. et al. v. John Hallé*, Docket No. 04-C-173 (State of New Hampshire) p. 74, l. 1-23, p. 75, l. 1-2.)

Dated at Portland, Maine this 1st day of July, 2014.

/s/ Lee H. Bals
Lee H. Bals, Bar No. 3412

Counsel for Plaintiff Richard Davimos, Jr.

MARCUS, CLEGG & MISTRETTA, P.A.
One Canal Plaza, Suite 600
Portland, ME  04101
(207) 828-8000