UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR. )<br>)<br>　　　　　Plaintiff ）<br>)<br>v. )<br>)<br>JOHN HALLÉ and )<br>SHARON HALLÉ, )<br>)<br>　　　　　Defendants ） | Case No. 2:13-CV-00225-GZS |

**PLAINTIFF RICHARD DAVIMOS, JR.'S
TRIAL BRIEF**

Pursuant to the Court's Report of Final Pretrial Conference and Order, Plaintiff Richard Davimos, Jr., through undersigned counsel, submits the following Trial Brief.

This is an action in which Plaintiff Richard Davimos, Jr., a creditor of John Hallé, seeks to recover against Mr. Hallé and his wife, co-Defendant Sharon Hallé, as a result of various fraudulent transfers made by him to her.  These transfers are actionable pursuant to the Maine Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571, et seq.  Jurisdiction in this matter is based upon diversity.  Plaintiff is a resident of Florida and Defendants reside in Maine.  The amount of the underlying obligation owed is currently in excess of $2 million.

Plaintiff Davimos' status as a creditor was confirmed in March 2009, when the Supreme Court of the State of New York, Appellate Division affirmed entry of the New York Supreme Court's Judgment of September 18, 2008, which awarded Plaintiff Davimos $1 million plus interest from January 7, 2002 until the date of the Judgment in the amount of $582,657.33.

Plaintiff's Complaint asserts three separate causes of action. Count I is an action for fraudulent transfer pursuant to 14 M.R.S.A. § 3575 and specifically asserts that John Hallé fraudulently transferred his membership interest in a limited liability company called JH North Hampton Group, LLC to Defendant Sharon Hallé.

Count II of the Complaint asserts that Defendant John Hallé fraudulently transferred his membership interest in Jenis Holding Company, LLC to Defendant Sharon Hallé.

Count III of the Complaint asserts that Defendant John Hallé fraudulently transferred his interest in real estate located at 106 Woodlands Drive, Falmouth, Maine to Defendant Sharon Hallé.

## I.  EVIDENCE TO BE ADDUCED AT TRIAL

It is anticipated the following evidence will be adduced at trial.

Richard Davimos, Jr. is a legitimate creditor of John Hallé. In September 2008 Judgment was entered in the case of *Richard Davimos, Jr. v. John Hallé*, with respect to a lawsuit filed in the Supreme Court in the State of New York, Index No. 111013-02 in the principal amount of $1,000,000 plus interest from January 7, 2002 until the date of the Judgment in the amount of $582,657.33.

In March 2009, the Supreme Court of the State of New York, Appellate Division affirmed the September 18, 2008 Judgment.

## COUNT I

In February 2007, JH North Hampton Group, LLC, a Delaware limited liability company was formed. Its sole members was Defendant John Hallé. Its stated purpose

was to hold and own an aircraft, which it did through a membership interest in a limited liability company called N70KC, LLC.

In order to avoid Richard Davimos forcing a turnover of the membership interest, John Hallé transferred his membership interest in JH North Hampton Group, LLC to his wife, Sharon Hallé. This was a fraudulent transfer.

At the time of the transfer, JH North Hampton Group either owned, or had the right to acquire certain aircraft, specifically a Cessna aircraft and a Mitsubishi aircraft.

Plaintiff seeks as damages under Count I the value of the membership interest transferred and calculated as either the value of the aircraft subject to applicable liens or the right to acquire the aircraft or money used to acquire the aircraft and/or a voiding of the transfer.

## COUNT II

On December 13, 2006, Jenis Holding Company, LLC was formed as a Florida limited liability company.

On November 7, 2007, Defendant John Hallé was a member of Jenis Holding Company, LLC. At some point subsequent to November 2007, Mr. Hallé transferred his membership interest in Jenis Holding Company, LLC to his wife, Sharon Hallé, in order to avoid collection efforts by Mr. Davimos.

Plaintiff maintains that the transfer by John Hallé to Sharon Hallé of his membership interest in Jenis Holding Company, LLC was a fraudulent transfer. Plaintiff seeks as damages the value of Mr. Hallé's membership interest.

## COUNT III

On May 17, 2005, John Hallé and Sharon Hallé purchased real estate located at 106 Woodlands Drive, Falmouth, Maine. John Hallé borrowed money to make the purchase in his own name. John Hallé was the only source of funds for the purchase, although the deed in the property went into both of their names.

On September 15, 2005, John Hallé and Sharon Hallé transferred the real estate located at 106 Woodlands Drive, Falmouth, Maine to Sharon Hallé for "no consideration" as evidenced on the Maine Revenue Service Real Estate Transfer Tax Declaration pertaining to the transaction.

Plaintiff maintains that John Hallé's transfer of ½ interest in the property at the time of acquisition was a fraudulent transfer, and further claims that the subsequent transaction of all of his interest to Sharon Hallé was another fraudulent transaction.

Plaintiff will present expert testimony as to the value of the real estate transferred.

## II.     SIGNIFICANT FACTUAL AND LEGAL ISSUES

Plaintiff claims that each of the three subject transfers was a violation of the Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3571, et seq. Plaintiff maintains that the subject transfers were made with actual intent to hinder, delay or defraud Mr. Davimos' efforts at collection. Specifically, the transfers were to an insider (his wife), Mr. Hallé retained possession or control of the assets after transfer, the transfers were made after the obligation to Mr. Davimos was incurred, the transfers were of a substantially all of Mr. Hallé's assets, Mr. Hallé concealed assets and Mr. Hallé was insolvent at the time of the transfers.

With respect to Count III (Transfer of Real Property) Defendants have raised the statute of limitations as an affirmative defense. Plaintiff maintain that under 14 M.R.S.A. § 3575(1)(a), that Count III was brought within one year after the fraudulent transfer was discovered by the Plaintiff or his agents.

Plaintiff also anticipates there may be issue with respect to the identity of late disclosed witnesses.

Dated at Portland, Maine this 29th day of October, 2014.

/s/ Lee H. Bals
Lee H. Bals, Bar No. 3412

Counsel for Plaintiff Richard Davimos, Jr.

MARCUS, CLEGG & MISTRETTA, P.A.
One Canal Plaza, Suite 600
Portland, ME  04101
(207) 828-8000

**CERTIFICATE OF SERVICE**

   I, Karen A. Stone, hereby certify that I am over eighteen years old and caused a true and correct copy of the above ***Plaintiff Richard Davimos, Jr.'s Trial Brief*** to be served upon the parties on the below ECF Mail Notice List electronically on the 29th day of October, 2014.

               /s/ Karen A. Stone
               Karen A. Stone
               Paralegal

# Mailing Information for a Case 2:13-cv-00225-GZS DAVIMOS v. HALLE et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **LEE H. BALS**
  lbals@mcm-law.com, kstone@mcm-law.com, federalcourt@mcm-law.com
- **BRIAN L. CHAMPION**
  bchampion@lokllc.com, ebriggeman@lokllc.com
- **TYLER J. SMITH**
  tsmith@lokllc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`