UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 2:13-CV-0225 (GZS) |
| ) | |
| JOHN HALLÉ, et al., ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR N70KC, LLC TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A CIVIL ACTION**

On November 5, 2014, exactly one week prior to the start of the trial of this matter in this Honorable Court, Plaintiff's counsel issued the attached subpoena (*see* Exhibit A) for an aircraft logbook, which is irrelevant, immaterial, seeks inadmissible evidence, and causes annoyance, harassment, and undue burden on Defendants as set forth below. This subpoena should be summarily quashed.

**BACKGROUND**

The discovery deadline in this case was March 25, 2014. As memorialized in the Report of Final Pretrial Conference and Order, Plaintiff's counsel represented to the Court that there were no outstanding discovery issues requiring action by the Court, and acknowledged that the discovery deadline was March 25, 2014. Report of Final Pretrial Conference and Order at ¶2 (October 8, 2014)(ECF No. 52).

Plaintiff has designated an expert witness, Allyn J. Caruso, who performed an appraisal of two (2) aircraft: Cessna 340A (1979); and the subject Mitsubishi MU-2-B-60 (1980). Plaintiff's expert was not provided a multitude of items by Plaintiff's counsel prior to his appraisal report of January 24, 2014. Namely: no photos, no logbooks, no aviation certificates,

1

no FAA documents to review, no mortgage loan documents, no pre-buy surveys. (Trial depo. pp. 22-24; pp. 31-33, October 28, 2014.) (*See* attached Exhibit B.) In fact, Plaintiff's expert had to guess at the assessment of engine hours on the aircraft because he was not provided with the logbooks for the aircraft by the Plaintiff's counsel. (Trial depo. pp. 15-16, October 28, 2014.) (*See* attached Exhibit C.) Plaintiff is not calling Mr. Caruso to testify at trial, but has listed Mr. Caruso's trial deposition of October 28, 2014 as Plaintiff's Exhibit 38.

## ARGUMENT

The subpoena addressed to N70KC, LLC should be quashed for a number of reasons. First, since Plaintiff has already stated that Mr. Caruso's trial deposition is complete, including the relevance of logbooks, there is no reasonable reason for Plaintiff to be issuing this subpoena, other than to annoy, harass, and unduly burden Defendants one (1) week before trial is to begin.

Second, as argued in the Defendants' Motion in Limine to Exclude Evidence of the Purchase and Value of the Mitsubishi MU-2 Aircraft (ECF No. 69), evidence of the MU-2 is irrelevant to the Plaintiff's Complaint. It was not an asset as defined under the Unified Fraudulent Transfer Act as it was not obtained by JH North Hampton Group, LLC or N70KC, LLC until after the alleged fraudulent transfer by the Defendants. Therefore, the documents sought by the Plaintiff are not relevant to any material issue in the case.

Third, the subpoena addressed to N70KC, LLC is an untimely discovery subpoena. The subpoena, which commands production of documents, is "discovery" within the meaning of Rules 26 and 34 of the Federal Rules of Civil Procedure, and therefore subject to the discovery deadline of March 25, 2014.[1] *Alper v. United States*, 190 F.R.D. 281, 283, 2000 U.S. Dist. LEXIS 416 (D. Mass.2000). "To allow a party to continue with formal discovery -- that is,

---

[1] This is particularly true here, where N70KC, LLC's sole member is JH North Hampton Group, LLC, whose sole member in Sharon Hallé, a party to this action.

discovery which invokes the authority of the Court -- whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." *Id.* (quoting *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997). As a result, the Plaintiff here "cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another, the expired discovery schedule." *Id.* The Court should therefore quash the Plaintiff's subpoena.

## CONCLUSION

The Defendants respectfully request an order quashing the Plaintiff's subpoena, and seek attorney's fees for having to respond to the last minute subpoena by Plaintiff that has no relevance, and will lack admissibility at trial, and seek any other relief deemed to be fair and just.

Dated:  November 6, 2014                    /s/ Brian L. Champion_____
                                            Brian L. Champion, Bar #3765
                                            Tyler J. Smith, Bar #4526
                                            Libby O'Brien Kingsley & Champion, LLC
                                            62 Portland Road, Suite 17
                                            Kennebunk, ME 04043
                                            Tel:  (207) 985-1815
                                            E-mail:   bchampion@lokllc.com
                                            Attorney for the Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which caused a copy of this document to be served electronically on all registered counsel of record:

      Lee H. Bals, Esq.
      Marcus Clegg Mistretta, P.A.
      One Canal Plaza, Suite 600
      Portland, ME  04101-4035

Dated:  November 6, 2014           /s/ Brian L. Champion
                                              Brian L. Champion, Bar #3765
                                              Tyler J. Smith, Bar #4526
                                              Libby O'Brien Kingsley & Champion, LLC
                                              62 Portland Road, Suite 17
                                              Kennebunk, ME 04043
                                              Tel:  (207) 985-1815
                                              E-mail:   bchampion@lokllc.com
                                              Attorney for the Defendants