UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR., | ) |
|       Plaintiff | ) |
| v. | ) Civil Action No. 2:13-CV-0225 (GZS) |
| JOHN HALLÉ, et al., | ) |
|       Defendants | ) |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

NOW COME the Defendants, John Hallé and Sharon Hallé, by and through their undersigned counsel, and pursuant to F.R. Civ. P. 7, and hereby requests an order from this Honorable Court, that enforces the parties' Settlement Agreement, ███████ ███████, for the reasons set forth in this incorporated Memorandum of Law.

**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE**

**BRIEF STATEMENT**

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

---

[1] There have been at least two instances in the past three years where Davimos agreed to the terms of a settlement only to refuse to execute a supporting agreement.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████   Accordingly, attached as Exhibit A is the Settlement Agreement signed by ████

████████████████████████   ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████ .

## FACTUAL BACKGROUND

██████████████████████████████████████████████████████████

████████████████████

There were two general components of consideration to be provided by Hallé to Davimos under the settlement agreement. ████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

████████████████████

    █████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

    ████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

      ██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████

      ████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

██████

      ██████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██

Consistent with the parties' ███████, Hallé drafted the attached Settlement Agreement. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ There should be no further reason to delay the close of this decade and a half of litigation. On December 31, 2014, counsel for Hallé wrote to Davimos' counsel ████████████████████████████████

███████████████████████████████████████████

█████████ There has been no response from Davimos. See Exhibit G.

## ARGUMENT

**A.  The Parties Agreed to Settle Their Dispute.**

Settlement agreements are analyzed as contracts, and the existence of a binding settlement is a mixed question of law and fact. *Northern Maine Transport, LLC v. OneBeacon America Ins. Co.*, 820 F.Supp.2d 139, 145 (D.Me. 2011); *Muther v. Broad Cove Shore Ass'n*, 968 A.2d 539, 541 (Me. 2009). In order to be binding a settlement agreement requires the

mutual intent of the parties to be bound by the terms sufficiently definite to enforce. *Muther* at 541. Whether a binding settlement agreement was reached is a question of fact that may need to be assessed at a hearing. *White v. Fleet Bank of Maine*, 875 A.2d 680, 683 (Me. 2005). The terms of an agreed to contract are determined from what the parties say or do, not what goes on inside their heads. *Salem Laundry Co. v. New Eng. Teamsters & Trucking Indus. Pension Fund*, 829 F.2d 278, 280 (1st Cir. 1987). "A party to a valid settlement agreement may ask the courts to enforce that agreement when the other party refuses to comply. " *Concordia Partners, LLC v. Ward*, 2014 WL 3378663 (D.Me. 2014) (unreported decision) (quoting Silva v. F/V Silver Fox LLC. Here it is beyond question that the parties have a settlement agreement---both sides claim so. *See also Ramirez v. Decoster*, 142 F.Supp.2d 104 (D.Me. June 1, 2001); *citing Quint v. A.E. Staley*, 246 F.3d 11 (2001) (upholding motions to enforce settlement agreements). That agreement, attached hereto, should therefore be enforced.

The Maine Supreme Judicial Court sitting as the Law Court has provided further guidance with regard to the Court's ability to enforce a settlement agreement between parties. *See Estate of Harold Forest Snow*, 2014 ME 105 (No. CUM-13-560, decided August 14, 2014). In the *Snow* matter, the Cumberland County Probate Court granted a motion filed by a personal representative of the *Estate of Harold Forest Snow*, to enforce a settlement agreement between the parties. The Law Court affirmed that judgment. One of the parties, a daughter and personal representative of the *Estate of Harold Forest Snow*, Linda Moulton, filed a civil action against Susan Snow, another daughter of the decedent, in the Probate Court pursuant to 18-A M.R.S. §§ 1-302, 3-105 (2013), alleging that one of the transfers identified in a codicil was an inprovident transfer and the product of undue influence to the common law. Ms. Moulton also sought an injunction against the other daughter. The parties engaged in limited discovery, a deposition of

6

one of the parties, Susan Snow, and prior to the deposition beginning, the counsel indicated on the record that "the matter had been settled" and set forth on the record an "outline" of the settlement which was going to be finalized by the attorneys thereafter.  (*Id.* at ¶ 5.)

Thereafter, for a period of two weeks the attorneys sent proposed language back and forth to each other; however, neither side would agree to the other side's proposed documents nor settlement proposal.  (*Id.* at ¶ 7.)  Linda Moulton filed a Motion to Enforce Settlement Agreement and amended her civil complaint to add a breach of the Agreement.  (*Id.* at ¶ 8.)

The Probate Court granted the Motion to Enforce finding that the record "contains an unequivocal stipulation by the parties' attorneys that the matter was settled," and that the material terms of the agreement were "clearly defined in the transcript."  (*Id.* at ¶ 9.)

In its analysis, the Maine Supreme Law Court reaffirmed that "Settlement agreements are analyzed as contracts, and the existence of a binding settlement is a question of fact." *Muther v. Broad Cove Shore Association*, 209 ME 37, ¶ 6, 968 A.2d 539; *see also McClare v. Rocha,* 2014 ME 4, ¶ 16, 86 A.3d 22 ("Whether a contract . . . [is a] question[] of fact.")  (*Id.* at ¶ 11.)  The Law Court went on to quote "In order to be binding, a settlement agreement requires the mutual intent of the parties to be bound by terms sufficiently definite to enforce."  *Citing Muther* and *McClare* ("A contract exists when the parties mutually assent to be bound by all its material terms, the assent is either expressly or impliedly manifested in the contract, and the contract is sufficiently definite.")  (*Id.* at ¶ 11.)

The Maine Supreme Law Court went on to distinguish preliminary agreements from binding settlement agreements and stated "the absence of a formalized contract does not affect the binding nature of a potential contract if the parties intended to close a contract prior to a formal writing."  *Citing McClare* at 22.  (*Id.* at ¶ 12.)

7

With regard to whether or not a hearing should have been undertaken by the Probate Court, the Maine Law Court found no error in this regard stating "We have implicitly endorsed motions to enforce as appropriate vehicles by which parties may bring an alleged settlement agreement before a trial court." *See White*, 2005 ME 72, ¶¶ 5, 8, 10-13, 875 A.2d 680 (upholding a Probate Court judgment granting a motion to enforce a settlement agreement); *see also Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008) ("[A] party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply. Where . . . the settlement collapses before the original suit is dismissed, the party seeking to enforce the agreement may file a motion with the trial court." (citation omitted)). (*Id.* at ¶ 18.) *Citing* Maine Rules of Civil Procedure 7(b)(7), the Law Court found "Except as otherwise provided by law or these rules, after the opposition [to a motion] is filed the court may in its discretion rule on the motion without hearing." M.R. Prob. P. 7(b) (adopting M.R. Civ. P. 7(b)). (*Id.* at ¶ 18.)

> Moreover, the Law Court found that the First Circuit has similarly held that
>
>> [the] trial court may summarily enforce [a settlement] agreement, provided that there is no genuinely disputed question of material fact regarding the existence or terms of that agreement. When a genuinely disputed question of material fact does exist, the court should hold a hearing and resolve the contested factual issues.

*Fid. & Guar. Ins. Co.,* 541 F.3d at 5 (citations omitted); *See also Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999) ("As a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement.") The court went on to point out, however, that a trial court will not err in not holding an evidentiary hearing where the parties did not request one, where the court was familiar with the settlement due to judicial participation in the

8

negotiations, and the appellant did not challenge the court's failure to hold a hearing. *See F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R.*, 449 F.3d 185, 188, 194 (1st Cir. 2006). (*Id.* at ¶ 20.)

The Law Court found that "[E]ven if the Probate Court had erred or abused its discretion in deciding the motion to enforce without holding an evidentiary hearing, we would not vacate the court's judgment unless the procedure employed was 'inconsistent with substantial justice.'" (*Id.* at ¶ 22.)

In the instant case, there is sufficient evidence as attached hereto to demonstrate that the parties had agreed to a settlement of this case ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Moreover, the ▓▓▓▓▓▓ was to be further memorialized as evidenced by the Definitive Agreement and Settlement Agreement signed by John Hallé and Susan Hallé and forwarded to Mr. Davimos who has refused to sign the Settlement Agreement presented to him. These documents equate to the parties' statement in the deposition transcript in *Estate of Harold Forest Snow* (*id.*); and, provide and reflect evidence of the parties' agreed-to settlement, which this Honorable Court should enforce.

To the extent there is a dispute about meaning of the terms of the agreement, that dispute should normally be resolved as a question of law for the Court by examining the language used by the party. *Michael v. Liberty*, 547 F.Supp.2d 43, 48 (D.Me. 2008). Where, however, the contract language is susceptible of different interpretations, and is therefore ambiguous, the Court may look to extrinsic evidence when it discerns the meaning the parties assigned to the questioned language. Where the extrinsic evidence of the contract's meaning is, however, "so one-sided that no reasonable person could decide the contrary, then" the Court may establish that meaning as a matter of law. *Id.* at 49.

9



All of this is expressed in the attached settlement agreement that Hallé has already signed and submitted to Davimos.

## CONCLUSION

The Court should order Richard Davimos to execute the attached definitive agreement and thereafter to abide its terms. The Court should also award John Hallé his attorneys' fees and costs in seeking enforcement of the parties' settlement agreement as permitted by the terms of that settlement agreement.

Dated:   January 2, 2015                   /s/ Brian L. Champion_____
                                          Brian L. Champion, Bar #3765
                                          Tyler J. Smith, Bar #4526
                                          Libby O'Brien Kingsley & Champion, LLC
                                          62 Portland Road, Suite 17
                                          Kennebunk, ME 04043
                                          Tel:  (207) 985-1815
                                          E-mail:   bchampion@lokllc.com
                                          Attorney for the Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 2, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which caused a copy of this document to be served electronically on all registered counsel of record:

  Lee H. Bals, Esq.
  Marcus Clegg Mistretta, P.A.
  One Canal Plaza, Suite 600
  Portland, ME  04101-4035


Dated:   January 2, 2015           _/s/ Brian L. Champion_____
                   Brian L. Champion, Bar #3765
                   Tyler J. Smith, Bar #4526
                   Libby O'Brien Kingsley & Champion, LLC
                   62 Portland Road, Suite 17
                   Kennebunk, ME 04043
                   Tel:  (207) 985-1815
                   E-mail:   bchampion@lokllc.com
                   Attorney for the Defendants