UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DAVIMOS, JR. )<br>)<br>        Plaintiff )<br>)<br>v.                                 )<br>)<br>JOHN HALLÉ and )<br>SHARON HALLÉ, )<br>)<br>        Defendants )  | Case No. 2:13-CV-00225-GZS |

**PLAINTIFF RICHARD DAVIMOS, JR.'S
OPPOSITION TO MOTION TO ENFORCE
SETTLEMENT AGREEMENT**

Plaintiff Richard Davimos, Jr., through his undersigned counsel, submits the following memorandum of law in opposition to Defendants' John Hallé and Sharon Hallé's Motion to Enforce Settlement Agreement. For the reasons set forth below, Defendants' Motion should be denied and Plaintiff should be awarded his fees incurred in defending this Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is an action in which Plaintiff Richard Davimos, Jr., a creditor of Defendant John Hallé filed a three-count Complaint against Mr. Hallé and his wife, co-Defendant Sharon Hallé, alleging that there were three separate transfers of assets from Mr. Hallé to Mrs. Hallé that were fraudulent transfers pursuant to the Maine Uniform Fraudulent Transfer Act, 14 M.R.S.A. § 3751, et seq.

A bench trial was held on November 12 and 13, 2014. Following close of the evidence, the Court set deadlines for the parties to submit proposed findings of fact and conclusions of law.

On November 14, 2014, following a day of negotiations between the parties, a settlement was reached. (Hereinafter "the Settlement" or "Settlement Agreement".) A Binding Term Sheet was signed by the parties that same day, which included a provision that its terms would be incorporated into what was styled as a Definitive Agreement. On November 18, 2014, counsel for Mr. Davimos provided a draft of the Definitive Agreement to counsel for Mr. and Mrs. Hallé, noting in the transmittal that the language was very close to the language in the Binding Term Sheet so that no significant revisions would be required. A copy of the November 18th Definitive Agreement is attached as Exhibit A.

On December 5, 2014, counsel for Mr. and Mrs. Hallé sent a revised form of Definitive Agreement to counsel for Mr. Davimos which document was not "redlined" in that it did not highlight the changes that were made. On December 6, 2014, counsel for Mr. Davimos received a marked copy of the Definitive Agreement showing the significant and material changes that were being proposed. The form of Definitive Agreement submitted as an exhibit to the Hallés' Motion to Enforce is the same form that was given to counsel for Mr. Davimos on December 5, 2014.

The provisions of the Settlement provided, among other things, that Mr. Hallé would provide Mr. Davimos with "transportation on any aircraft owned or controlled, directly or indirectly" by Mr. Hallé no more than three times per year, with 30 days' notice being provided by Mr. Davimos to Mr. Hallé. Mr. Davimos provided notice of his intent to use the plane on the 2014 Christmas holiday in the body of the Binding Term Sheet and again by "Plane Notice" provided November 21, 2014. A copy of the Plane Notice is attached as Exhibit B.

███████████████████████████████████████████████████████

███████████████████████████████████████████████

Defendants failed to provide Plaintiff with use of the plane as requested, ███

████████████████████████████████████████████ and

breached the Settlement Agreement by disclosing its confidential terms.[1]

For the reasons set forth below, Defendants' Motion should be denied both because it is without merit and because it is moot based upon Defendants' breach of the agreement.

## ARGUMENT

### A. Defendants' Motion to Enforce is Without Merit

Defendants request that this Court enforce the Settlement Agreement. The problem with this argument is that the agreement the Defendants seek to enforce is not the agreement reached by the parties in significant respects.

First, with respect to use of the plane, Defendants assert, "Counsel for Davimos specifically acknowledged they understood the industry usage and who would have to pay for fuel and any other costs associated with the plane's operation." The representation that Mr. Davimos would be responsible for providing pilot, crew and fuel for the flights is categorically false. Indeed, the Settlement was explicitly to the contrary: it was Mr. Hallé's responsibility to provide pilot, crew and expenses associated with fuel.

---

[1] The Settlement provided that specified economic terms were to remain confidential. In their Motion to Enforce Settlement Agreement, Defendants disclosed the specific settlement amount and attached as Exhibits both the Binding Term Sheet and their version of a proposed Definitive Agreement, which contain provisions that deviated from the actual Settlement. All of the economic terms of the Settlement were made public. The Bangor Daily News, in an article about this case, referred to the confidential settlement amount, and, in a posting on their website, included a link to the Binding Term Sheet. Defendants subsequently filed a motion to seal their motion and its attachments. Plaintiff did not object and the motion has been placed under seal with an order from the Court that a redacted version be filed. Plaintiff has filed with the Court a redacted version of this Memorandum which redacts all references to the confidential economic terms of the Settlement.

3

The fact that the parties agreed that use of the plane does not constitute a charter in no way obviates Mr. Hallé's obligation to pay fuel costs. In fact, one need only look so far as the November 18th Definitive Agreement which provides that, "The Plane Trips shall be provided at no charge to Davimos and/or his designee." That was a material term of the Agreement.



For all the foregoing reasons, Defendants' argument that they are entitled to enforce the Settlement Agreement as unilaterally revised by them is without merit.

4

### B. Defendants Have Breached the Settlement

More significantly, however Defendants have breached the Settlement in pertinent respects and, as a result, Plaintiff is entitled to those remedies for breach provided for in the Settlement.



### 3. Breach of Confidentiality Provision

It was agreed by the parties that the economic terms of the Settlement remain confidential. Defendants breached that provision by filing an un-redacted version of the Settlement with the Court, which was thereafter published by the Bangor Daily News. The economic terms of the Settlement have been released to the public, a clear breach of the Agreement.

### 4. Access to Airplane

Despite notice having been given, Defendants failed to make the airplane, which is under the control of John and/or Sharon Hallé, available at the 2014 Christmas holiday.

5

## CONCLUSION

Defendants' argument that they are entitled to enforce the Settlement based upon terms that were not part of the Settlement is without merit.  Moreover, Defendants' Motion is moot since they have breached the terms of the Settlement in multiple respects.  Defendants' Motion to Enforce Settlement Agreement should be denied.  Plaintiff's counsel should be awarded fees incurred in opposing Defendants' Motion, pursuant to the Settlement and as set forth in paragraph 9 of the Binding Term Sheet, which provides, "The Definitive Agreement will provide for attorneys' fees to the prevailing party in the event of any dispute or breach."

Dated at Portland, Maine this 13th day of January, 2015.

/s/ Lee H. Bals
Lee H. Bals, Bar No. 3412

Counsel for Plaintiff Richard Davimos, Jr.

MARCUS, CLEGG & MISTRETTA, P.A.
One Canal Plaza, Suite 600
Portland, ME  04101
(207) 828-8000

## CERTIFICATE OF SERVICE

I, Karen A. Stone, hereby certify that I am over eighteen years old and caused a true and correct copy of the above document to be served upon the parties on the below ECF Mail Notice List electronically on the 13th day of January, 2015.

/s/ Karen A. Stone
Karen A. Stone
Paralegal

# Mailing Information for a Case 2:13-cv-00225-GZS DAVIMOS v. HALLE et al.

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **LEE H. BALS**
  lbals@mcm-law.com, kstone@mcm-law.com, federalcourt@mcm-law.com
- **BRIAN L. CHAMPION**
  bchampion@lokllc.com, ebriggeman@lokllc.com
- **TYLER J. SMITH**
  tsmith@lokllc.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)